HAINES and others *vs.* THE JUDGES OF WESTCHESTER.

A return to a *certiorari* cannot be contradicted by an assignment of errors, nor can a fact be specially assigned showing a want of jurisdiction in the tribunal to which the certiorari is sent.

*It seems* that an *assignment of errors* is a proceeding not applicable to the case of a *common law certiorari.*

IN this case to a *common law certiorari* directed to the judges of Westchester county, the judges returned that the commissioners of the town of Bedford, (the parties prosecuting in the certiorari,) on an application to them for that purpose had refused to lay out a certain road; that on such refusal an appeal was made to three of the judges of the court of common pleas of the county, a majority of whom reversed the decision of the commissioners, and laid out the road according to the original application. On the coming in of this return, the commissioners assigned for error that the road, as laid out by the judges, was not the same as that applied for and passed upon by the commissioners. A motion was made to set aside the assignment.

*S. Stevens,* for the motion.

*M. T. Reynolds,* contra.

*By the Court,* COWEN, J. The motion must be granted with costs. The return cannot be contradicted by an assignment of errors. It must be taken as conclusive, and acted upon as true. If false, you must go to your action. *Vide per Platt, J. in Rawson* v. *Adams,* 17 *Johns. R.* 131. —— v. *Cowper,* 6 *Mod.* 90.

It is supposed that an assignment of a want of jurisdiction constitutes an exception to the rule. That is certainly not so, where the officers return that they have jurisdiction; nor am I aware that an issue has ever in any case been raised upon jurisdiction by an assignment of errors. A want of jurisdiction appearing on the return, the proceedings will be reversed on

motion, without any assignment of errors, which is not applica- ble to a common law certiorari. *See* 1 *Cowen*, 28, *n*. If there be in fact a want of jurisdiction, an action lies not only for a false return shewing it, but for any injurious proceeding in con- sequence of the adjudication by the inferior tribunal.