## THE PEOPLE *on rel.* SPRINGSTEEN *a.* POWERS.

*Supreme Court, First District ; General Term, May,* 1865.

APPEAL FROM JUSTICES' COURTS.—CLERKS OF JUSTICES' COURTS.

A defendant in proceedings in a justice's court, who does not appear before the justice on the return-day of the summons, is precluded from objecting, on appeal, to the regularity of the proceedings.

The relator in a certiorari to review proceedings in a justice's court is concluded by the return of the justice. If the facts are not correctly stated he should apply for a further return ; he cannot correct it by affidavit or assignment of errors.

Where an affidavit is required by law to be taken before the clerk of a District Court, it may be taken before the deputy, and the latter may in such case properly sign the name of the clerk.

Certiorari to a District Court.

The relator sued out a writ of certiorari, directed to F. W. Loew, Esq., justice of the fifth judicial district in the city of New York, requiring him to send the record of proceedings, had before him on the application of John Powers, for a warrant to dispossess the relator, and one Cutter, of certain premises in the city of New York, with the process, warrant, &c., to the justices of the Supreme Court at the general term thereof, &c.

In obedience to this writ, the justice made his return, from which it appeared, that on the 7th day of November, 1864, Powers made an affidavit, showing the relation of landlord and tenant to exist between himself and the relator; and that the relator held over after default in the payment of the

rent due on the 1st day of November then instant,—which affidavit purported to have been sworn before E. F. Purdy, Jr., clerk of the First District Court, and was used before the justice as the foundation of the proceedings in question, but was without any revenue stamp;—that the justice issued a summons, requiring the relator to show cause before him why the possession of the premises in question should not be delivered to the landlord.

It also appeared from the return that one S. J. Schick made an affidavit that he delivered a copy of this summons to a person of mature age, who at the time was on, and resided on, the premises in question, and that he at the same time showed the original—" the tenant being absent therefrom, his last usual place of business"—which affidavit purported to have been sworn before E. "F. Purdy, Jr., clerk;"—and that the landlord appeared before the justice, and demanded the rent, and possession of the premises for non-payment of rent; and the tenant not appearing, judgment was rendered, that the landlord have possession of the premises, for the non-payment of rent, and that a warrant be issued to remove the tenant.

It further appeared that a dispossessing warrant was issued by the justice without seal. Endorsed upon this warrant, under date of December 2, was the return of a marshal, to the effect, that he had fully executed the same.

The relator thereupon by way of assignment of errors, filed an affidavit of S. J. Schick, setting out that the affidavits above referred to were never sworn before Purdy, the clerk of the court; but that his name was affixed thereto by one Nash, who pretended to administer the oath.

*I. T. Williams*, for the relator.—I. The return does not show that any jurisdiction over the person of the relator was acquired by the justice. There is no evidence that the summons was served upon the relator.

The statute requires that service of the summons be made by a marshal of the city of New York. (*Sess. Laws*, 1864, 1311, § 2.)

There can be no service but by a strict compliance with the requirements of the statute. (People *ex rel.* Cole *a.* Alden, 26 *How. Pr.*, 166 ; Cornell *a.* Barnes, 7 *Hill*, 35.)

There was no appearance on the part of the relator before the justice.

The justice returns the affidavit of one Schick, setting forth what is claimed to be a service of the summons. This affidavit, even if service by Schick would have been good service, is not evidence of such service, for it was not sworn before the person before whom it purports to have been sworn. It could not, therefore, be legally read before the justice. (Norton *a.* Colt, 2 *Wend.*, 250.)

II. The justice got no jurisdiction over the subject-matter of the proceeding.

The affidavit of Powers is the paper relied upon as conferring this jurisdiction. To be of any validity in this proceeding, such affidavits must be sworn before the clerk of the court or his deputy. (*Act of* 1863, *Sess. Laws*, ch. 189, § 1; also, People *ex rel.* Cole *a.* Alden.) That paper was not sworn to before the Clerk, Purdy, but his name and certificate were affixed to it by one Nash, in his absence. This paper is not an affidavit. (2 *Rev. Stat.*, 284, § 49.)

This certificate, by such officer, is a condition precedent to the right to read or use it. The statute, in effect, prohibits its use until that is done. (*Ib.*, 513.)

Jurisdiction is conferred upon the officer, not by the existence of a fact, but by evidence of a fact. When the statute prescribes what the evidence shall be, no other evidence will answer the purpose.

III. The affidavit of the landlord is void for want of a revenue stamp. *Rev. Act of* 1864, §§ 158, 163, 170.)

IV. The warrant is void for want of a seal, and must be set aside for that reason. (Smith *a.* Randall, 3 *Hill*, 495 ; People *a.* Holcomb, 3 *Park. Cr. R.*, 656 ; 20 *Wend.*, 67.)

It is competent to assign errors of fact.

"It is done by setting them out at length in an affidavit, a copy of which is served on the opposite party before or at the time of serving notice of argument of the return." (See *Townshend's Landlord & Tenant Pro.*, 136; *Tidd's Pr.*, 1108, 1118; Harvey *a.* Reckitt, 15 *Johns.*, 78 ; 12 *Wend.*, 266 ; 5 *Den.*, 66; 3 *Cai.*, 106 ; 3 *Seld.*, 576; 13 *Wend.*, 575.)

*John Graham*, for the respondent.—I. The court will intend

that the oaths were properly administered: this is merely to intend that the ministerial duty to be performed by the clerk or his deputy, who alone could administer the oaths under the circumstances, was regularly and faithfully performed. It is not violative of that rule which forbids intendments in favor of the jurisdiction of a court of limited jurisdiction, for that relates to facts which the record does not show. Here the court is asked to presume no fact in favor of Justice Loew's jurisdiction.

The appellants say the facts are false. They must prove it. This court must take them to be true, and that every fact transpired as the return states it, unless the contrary is shown by the appellants. These facts are certified by public officers, whom the law accredits. Taking what they alleged to be true, were the proceedings below legal? (1 *Greenleaf on Ev.*, §§ 1344–'87–'88–'89.)

II. As Schick's affidavit does not deny it, and as the respondent's affidavit to found the dispossessing proceedings had to be sworn to before the clerk or his deputy, one or the other, it is safe to assume on Schick's affidavit, administered the oaths in question. (See *Practice of the District Courts in the City of New York*, Voorhies' ed. of 1857, 44, 45, §§ 71, 75; also, 3 *Rev. Stat.*, 5 ed., 474, § 38.)

Although the People *a.* Alden (26 *How. Pr.*, 166) holds that the affidavit to found process of this kind must be sworn to before the clerk or his deputy, as required by section 1 of chapter 189 of Laws of 1863, it does not prevent the deputy administering the oath in the clerk's name, as required by section 71 of the District Court Act.

Wherever a presumption of law is disputed, the proof must be direct and positive, putting " a direct negation" upon the fact as the law presumes it. (Downing *a.* Rugar, 21 *Wend.*, 178.)

III. As to the point that the summons to the tenant and under-tenant should be served by a marshal of the city of New York, the statute cited in the appellants' first point, while it directs the service to be so made, does not invalidate it, if made conformably to the Revised Statutes. (3 *Rev. Stat.*, 5 ed., 837, § 32.)

The Revised Statutes do not designate the person by whom the summons shall be served; but even if a marshal is essential

to a valid service, will not the law presume that Justice Loew issued his summons to a marshal to be served? Must he take proof of the fact and return it to the court? (1 *Greenleaf on Ev.*, § 92; McCoy *a.* Curtice, 9 *Wend.*, 17.) Besides, the summons, unlike other process, runs to the tenant and under-tenant, and is not directed, like the warrant to dispossess, to a public officer.

IV.—The affidavit of Mr. Powers, to found the dispossessing proceedings, did not require a revenue stamp. (*Act of Cong.*, June 30, 1864, as amended by Act of March 3, 1865, § 158; *Ib* Schedule B, tit. "Certificate" and "Legal Documents," "Writ," &c.)

The commissioner of internal revenue has decided that the exemption to "affidavits in suits or legal proceedings" applies wherever the inceptive process pays a fifty cent stamp. In the present case the affidavit of the landlord and the summons to the tenants are on the same side of the same sheet of paper, and the stamps can be applied to either document in the discretion of the court.

V. As to the warrant of dispossession, the statute does not say that it shall be sealed. The word clearly imports authority, mandate, something which shall be a warrant or justification to the officer for executing the judgment, &c. The prac-tice in this city has never been to seal these warrants.

A seal to a warrant is not usual or necessary, unless it is expressly required by particular act of parliament. (*Willes R.*, 411; *Bull. N. P. C.*, 83.)

By the Court.—Ingraham, P. J.—The non-appearance of the appellant before the justice on the return of the summons precludes him from objecting, on appeal, to the regularity of the proceedings before the justice. This was held by the general term of this district in The People *a.* Ulrich (2 *Abbotts' Pr.*, 28).

Even if he could now appeal, he is concluded by the return. If the return does not show the facts relied on, he should have applied for a further return. He cannot contradict the return on a matter of jurisdiction, by an assignment of errors. Such could not be done when the practice was to serve a formal assignment of errors which the respondent had the opportunity

of answering by a joinder in error. The same reason applies with more force if the affidavit used in this case is to be considered an assignment of errors. This was so held in Harris and others *a.* The Judges of Westchester (20 *Wend.*, 625). Cowen, J., says: "The return cannot be contradicted by an assignment of errors. It must be taken as conclusive, and acted upon as true. It is supposed that an assignment of want of jurisdiction constitutes an exception to the rule. This is certainly not so, where the officers return that they have jurisdiction; nor am I aware that an issue has ever in any case been raised upon jurisdiction by an assignment of errors."

The writ of certiorari in this case is issued under the provisions of the Revised Statutes, and the court has power under that writ to examine all the decisions of the justice either upon matters of law or fact, (1 *Seld.*, 383; 2 *Ib.*, 309; 25 *Wend*, 280); but such decisions to be reviewed by this court must appear upon the return, and cannot be heard in any other manner.

The decisions above referred to appear to dispose of this proceeding.

1st. Because the relator, not having appeared before the justice, is precluded from objecting to the regularity of the proceedings.

2d. Even if he can appeal on matters of jurisdiction, he cannot raise such a question by affidavit where the return does not show the facts relied on.

If the return is imperfect, the relator should have applied for a further return. Whether or not the affidavits were sworn to before the clerk, could be returned by the justice.

It is not necessary for us, therefore, to express any opinion upon the merits, nor can we decide the point upon which the relator claims the want of jurisdiction to be founded, because it does not now appear whether the affidavits were taken before the deputy clerk or not. If such was the case, and the jurat to the affidavits were signed by the deputy in the name of the clerk, we think the same were valid and authorized by the 71st section of the act relative to these courts (1 *Laws of* 1857, 707), which says: "The clerk may, by an instrument in writing filed with the justice, appoint a deputy who may in his name perform all the duties required of the clerk."

The intention was to confer upon the deputy similar authority

as that of deputy clerks in courts of record, who have invariably exercised such power.

Judgment for the respondent.