THE PEOPLE ex rel. WALTER SIMONDS, COMMISSIONER OF HIGHWAYS, ETC., v. WILLIAM RYKEN, TOWN CLERK OF GRAND ISLAND, AND OTHERS.

*Certiorari — return to conclusive — affidavits showing it to be false — court cannot consider.*

Upon a common-law *certiorari*, the return is held conclusive; the court cannot consider affidavits tending to show that it is false, nor can the court refer it to a referee to ascertain the truth of the facts stated in the return.

MOTION either to strike out part of a return, made by a justice of the peace to a writ of *certiorari*, or to refer it to a referee to ascertain its truth. The motion was made upon affidavits tending to show that the return was in some respects untrue.

*Geo. W. Coltman*, for the motion.

*Lewis, Gurney & Sill*, for the relator.

*Per Curiam:*

Upon affidavits showing that the return of the justice is in several respects untrue, the respondent asks that such parts be stricken out, or that the court direct a reference to ascertain and report the facts occurring in the proceedings before the justice. Upon a common law *certiorari* the return is held conclusive as to the facts alleged, and the court must give judg-

ment upon the record and proceedings embraced in such return. It cannot consider affidavits contradicting said return in any particular. To do so, would subvert the proceeding by *certiorari* and turn it in effect into an ordinary special motion. In this case, there is quite a number of affidavits on both sides conflicting quite essentially in respect to the facts stated in the return. If the return is false, the officer is liable to an action for a false return. (*Smith* v. *Johnston*, 30 How., 374; *People* v. *Powers*, 19 Abb., 99; *Rawson* v. *Adams*, 17 Johns., 131; *Haines* v. *The Judges of Westchester County*, 20 Wend., 625; *People* v. *Morgan*, 65 Barb., 473.)

Nor can the court refer it to a referee to ascertain the truth of the facts stated in the return. There is no such practice.

If the return contains matter not called for or irrelevant, the court will disregard it, and so of matters returned upon information and belief. (*Lawton* v. *Commissioners of Highway of Cambridge*, 2 Caines, 179; *Stone et al.* v. *Mayor of N. Y.*, 25 Wend., 168.)

The motion should be denied with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Motion to strike out return, etc., denied, with ten dollars costs.