THE PEOPLE ex rel. ANDREW Y. THOMPSON and OTHERS, v. THE MAYOR, Etc., OF THE CITY OF SYRACUSE and another, Respondents.

*Assessment — irregularity — return to certiorari — effect of.*

*Certiorari* to review an assessment levied by the defendants of the expenses of paving a street in the city of Syracuse. The return showed the required petition for, and notice of the proposed improvement; that the work was done under contract, and had been completed, and that all requirements of the charter had been complied with. *Held* (1), that the fact that the work had been done under two contracts instead of one affected no substantial right; (2), that the validity of this assessment was not affected by the fact that it was preceded by two assessments for the expenses of the separate parts of the work done under each contract, which had been subsequently set aside and annulled.

A return to the writ is conclusive as to the facts stated in it, and must be taken as true. If it is false, the relators' remedy is by action.

Certiorari to review an assessment, and the proceeding upon which it was granted, to repave East Genesee street, in the city of Syracuse, between Grape and Orange streets.

*H. Burdick*, for the relator.

*Ruger & Jenney*, for the respondents.

Gilbert, J.:

The object of this *certiorari* is to invalidate an assessment of the expense of paving East Genesee street, from the west side of Grape street to the east side of Almond, in the city of Syracuse.

The return made to the writ shows that on the 23d of May, 1870, a petition for this improvement, signed by a majority of the owners of the property upon the line thereof, was presented to the common council; that on the 10th of September, 1870, notices of such proposed improvement were served upon the parties to be assessed, conformably to the requirement of section 1, title 7 of the charter; that thereafter the common council entered into a contract for the making a portion of said improvement, namely, that between the

west side of Grape street and the east side of Orange street, and that subsequently they entered into a contract for the making of the residue of said improvement, and finally caused separate assessments to be made, in the manner provided by the charter, to defray the expense of the respective parts of the work. The only irregularity, if there be any, in the proceedings of the common council, has arisen from their act in dividing the improvement into two sections. But that was effectually cured by the cancellation of the separate assessments, and causing the one under review to be made, which embraces the expense of the entire improvement, from Grape to Almond street.

The return is conclusive as to the facts stated in it, and must be taken as true. If it is false, the relators must seek their remedy by action. (*Haines* v. *Judges of Westchester*, 20 Wend., 625; *People* v. *Morgan*, 65 Barb., 473.)

The return shows the requisite petition for, and notice of, the proposed improvement; the work was done under contract, and has been completed. The fact that it was done under two contracts instead of one affects no substantial right. No legal error in the assessment has been pointed out, nor is it alleged that it was not prepared and authenticated conformably to the charter. The fact that it was preceded by assessments for the expense of separate parts of the work, which were set aside and annulled, does not, in our opinion, affect its validity.

The objections of the relators seem to us to be unfounded in fact.

The proceedings must, therefore, be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Proceedings affirmed, with costs.