THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID DOWNEY v. C. ALLENTON DAINS, Town Clerk, etc., and JACOB VAN DEVENTER, Commissioner of Highways, etc.

Certiorari — a return thereto is to be confined to matters specified in the writ — to what extent the papers used on the motion for a writ may be considered at the hearing — alteration of highway — 1 R. S., chap. 16, tit. 1. art. 4, as amended by chap. 696 of 1881 — qualifications of town clerk and jurors — power of board of supervisors to reduce the width of highways under chapter 482 of 1875.

An officer to whom a writ of certiorari has been issued is only required to make a return as to the matters specified in the writ.

The hearing must be upon the writ and the return; the papers upon which the writ was granted can be considered only in determining the question as to the jurisdiction of the court to issue it, and possibly as establishing, as facts, such matters as were embraced in the writ and omitted from the return.

The fact that the town clerk is a brother of one of the signers of a petition for the laying out of a highway does not disqualify him from drawing the names of the jurors who are to certify to the necessity of the change, as required by article 4, title 1, chapter 16 of part 1 of the Revised Statutes, as amended by chapter 696 of 1881.

The validity of the proceedings is not affected by the fact that some of the jurors, whose names were so drawn by the clerk, and who served upon the jury, had signed the petition for the laying out of the road.

It is not necessary to the exercise of the power "to authorize the laying out of highways of a less width than is now required, and of reducing the width of highways now in existence," conferred upon boards of supervisors by chapter 482 of 1875, that any petition therefor should be presented to the board, or that any notice should be given of the proposed action of the board to parties interested therein.

Return to a writ of certiorari, issued to review the proceedings of the town clerk and commissioner of highways of the town of Torrey, in the county of Yates, in laying out a highway.

*M. A. Leary*, for the relator.

*Hewson & Randolph*, for the respondents.

HAIGHT, J.:

The return to the writ of *certiorari* shows that some time prior to the instituting of the proceedings sought to be reviewed, a petition was presented to the commissioner of highways, having upon it the names of sixty-six individuals, residents of the town, asking the commissioner of highways to lay out a road through the lands of the relator Richard Lazalere, William J. Smith, Charles M. Speelman, Edward Mynderse, D. W. and C. A. Dains, to the highway known as the Edward W. Deans road. Thereafter, and on or about the 14th day of October, 1884, there was served upon the commissioner of highways, a written application for the laying out of a highway in the town running through the lands of the relator Richard Lazalere, Charles M. Speelman, C. A. and D. W. Dains. The petition was signed by Daniel W. Dains. Upon this petition proceedings were instituted under the statute for the purpose of determining whether or not such highway should be laid out. The notices required by the statute were served and posted, and on the day appointed a jury was drawn by C. Allenton Dains, the town clerk. The jurors so drawn were summoned to appear at a time and place specified to certify as to the necessity of the highway applied for. Eleven of the jurors so summoned appeared, and after being sworn, examined the route of the proposed road, heard the parties interested, and thereafter made their certificate to the effect that it was necessary and proper that the highway petitioned for should be laid out.

It further appears from the return that thereafter Jacob Van Deventer, the commissioner of highways, made an examination and caused a survey of the route of such proposed highway; that in the judgment of the commissioner, it would be to the advantage of the persons interested and to the general public that the proposed route should be slightly varied and straightened, and in doing so it would be necessary to take a strip of land about sixteen feet in width, along the west line of lands of William J. Smith and wife, and Edward Mynderse; that he thereupon gave notice to the relator, William J. Smith and wife and Edward **Mynders**, that on the 13th day of December, 1884, at ten o'clock A. M., at the town hall in the town of

Torrey, he would consider the application for the laying out of the highway, and would hear all reasons for and against the same and determine the matter; that all of the parties through whose land the proposed road would run had consented in writing to the laying out of the same except the relator William J. Smith and wife and Edward Mynderse; that Edward Mynderse was a non-resident of the county, and his lands were occupied by William J. Smith; that the commissioner attended at the time and place mentioned in the notice, and after hearing the parties interested made an order in which he determined and certified "that a public highway shall and the same is hereby laid out pursuant to said application, whereof a survey has been made and is as follows [then follows the description of the highway in metes and bounds]: the same to be two rods in width." It further appears from the return that before making the order for the laying out of the highway the board of supervisors of the county passed a resolution authorizing him to lay out such road two rods wide.

It is contended in the first place that the town clerk was a party in interest; that he was a brother of the petitioner, and was not a proper person to draw the jury. The affidavit of the relator, upon which the *certiorari* was issued, states that C. Allenton Dains, the town clerk who drew the jury, was a brother of Daniel W. Dains, the petitioner, and upon information and belief that C. Allenton Dains, together with petitioner Daniel W. Dains, were the joint owners of real estate for the benefit of which the road was laid out. The *certiorari*, however, does not require the town clerk to certify and return as to whether or not he was the brother of Daniel W. Dains, or the joint owner of any of the lands benefited by the laying out of the highway, and the return is silent upon those questions. The town clerk was only called upon to make return as to the matters specified in the writ. His return is conclusive as to the facts and cannot be contradicted. It must be taken as conclusive and acted upon as true. If the return is false the relator's remedy is by action. (*Haines* v. *The Judges of Westchester*, 20 Wend., 625; Wood on *Mandamus* and *Certiorari*, 202.) If the return is defective the court may direct a further return. (Code, § 2135.)

The hearing on the return must be upon the writ, the return and the papers upon which the writ was granted. The papers, how-

ever, upon which the writ was granted cannot be considered for the purpose of impeaching or contradicting the return. They can only be considered in determining the question as to the jurisdiction of the court to issue the writ, and possibly as establishing as facts such matters as were embraced in the writ and omitted from the return. (*People ex rel. McCarthy* v. *French*, 25 Hun, 111.) We are, consequently, of the opinion that if the relator had desired to raise a question in reference to the competency of the town clerk to draw the jury, the respondent should have been asked to certify and return as to whether or not he was a brother of the petitioner, and owned lands which would be benefited by the laying out of the road, and failing in this, the question is not before us for consideration. If, however, it should be conceded that he was interested and related as claimed, we should still be of the opinion that he would not be disqualified under the statute. Prior to the amendment of 1881 (chap. 696) there was no provision for the drawing of jurors to certify as to the necessity of laying out of a highway, but every person who applied for the laying out of a highway could cause notices in writing to be posted up in the town six days before the time specified for the meeting of the freeholders. On the day specified, if twelve freeholders of the town, not interested in the lands through which the road was to be laid, or of next of kin to the owner, appeared, they were sworn by a justice of the peace and entered upon the determination of the necessity of the road. It was the usual practice for the person desiring the road to be laid out to invite such freeholders as he saw fit to attend at the time and place designated in the notice. Under the amendment of 1881 the statute was changed, and it was made the duty of the town clerk, upon a day specified in a notice served upon him and the parties interested, a justice of the peace and commissioner of highways, in their presence to draw a jury from the box containing the names of all the persons then residents of the town whose names are on the lists filed in the town clerk's office of those selected and returned as trial jurors, after taking out of the box those interested in the lands through which the road is to pass or to be located, and of those of kin to the owners thereof. No provision is made for the drawing of the jury by any other person or officer. If the town clerk should be dis-

qualified, then the road could not be laid out, because no legal jury could be drawn. The town clerk is given no judgment or discretion in the matter. All of his acts are ministerial. The drawing from the box is public, and we consequently fail to see how the relator could have been prejudiced, or any reason why the town clerk should be disqualified. (*Foot* v. *Stiles*, 57 N. Y., 399; *In Matter of David R. Ryers*, 72 id., 1.)

Again, it is contended that some of the jurors drawn from the box were the same individuals that had signed the petition delivered to the commissioner of highways asking that a road be laid out; that objection was duly made to their serving, etc. The petition, as we have seen, was presented before the institution of these proceedings. It does not appear whether the names of the jurors found upon this petition were their genuine signatures. The writ did not call upon the highway commissioner to make return upon this point. The return is silent upon the question, and we are inclined to the opinion that this question is not properly raised for our consideration. But if we concede it to be properly before us, they are the jurors provided for by the statute. They are not disqualified under the statute. There is no provision by which any other jurors could be drawn or summoned to serve. There is no provision for any challenge, or officer designated to sustain or overrule a challenge. We are consequently of the opinion that the proceedings are regular in this regard.

It is claimed that William J. Smith and wife and Edward Mynderse had no notice served upon them that the road would be laid out through their lands. The petition presented to the highway commissioner, upon which these proceedings were instituted, did not propose to lay out any highway through their lands, consequently they were not persons entitled to notice under the statute. After the jury had certified and determined the necessity of the highway the commissioner saw fit to slightly change its route, straightening it, and in so doing took sixteen feet of the lands of these individuals. Before doing so, however, notice was given to them of a time and place in which they would be given a hearing. Such hearing was had, and neither Smith and wife nor Edward Mynderse are here complaining of the order made.

Again, it is contended that the board of supervisors of the county

had no power to authorize the laying out of a highway of two rods in width, unless it was upon petition and notice to the parties interested. The Revised Statutes provided that no highway should be laid out less than three rods in width. By chapter 482 of the Laws of 1875, power of local legislation was conferred upon the board of supervisors of the several counties in this State, to make and administer within their respective counties, laws and regulations upon various subjects in the act mentioned, among which was the power "to authorize the laying out of highways of a less width than is now required by law, and of reducing the width of highways now in existence." The board of supervisors is a legislative body. This act confers upon it, the power of local legislation upon this subject. No provision is made for any notice, or for any order to show cause or for any hearing by interested parties. The board is not made a court. It has not power to determine whether or not the road shall be laid out. All that it can do is to authorize or permit it to be laid out of that width. After this authority is given, the proceedings authorized by the statute to determine the necessity for it must be instituted, in which the interested parties are given an opportunity to be heard. *Phillips* v. *Schumacher* (10 Hun, 405) is not in conflict with our views upon this question. On the contrary, it sustains them. That clause in the opinion to which the counsel refers, we do not think was intended to express a contrary doctrine. We are, consequently, of the opinion that the proceedings are regular, and that they should be affirmed, and that the respondent should recover fifty dollars costs and their disbursements to be taxed.

Sᴍɪᴛʜ, P. J., Bᴀʀᴋᴇʀ and Bʀᴀᴅʟᴇʏ, JJ., concurred.

Proceedings affirmed, with fifty dollars costs and disbursements to the defendant.