The evidence in the case is quite meager so far as the question of notice is concerned, but the record fairly raises the presumption that this was not regarded as a very serious factor upon the trial. It is a fact, nevertheless, that at the close of the plaintiff's case, and when the motion for a nonsuit was entertained, there was not a scintilla of evidence to prove that the excavation had existed an hour prior to the accident. The plaintiff described its appearance, which, as we have already suggested, indicated that it was occasioned by some workman in an effort to improve the condition of the roadbed, but when and by whom the plaintiff does not attempt to show. When, however, the defendant was put to its proof, it was made to appear that this track had been frequently and almost daily examined by the persons upon whom that duty rested, and that no such hole as the one described by the plaintiff had been discovered by them. The case seems, therefore, to be altogether barren of any facts on which notice to the defendant can be predicated; and, deprived of this element, it is difficult to see how it can be maintained, or to find any evidence which will sustain a verdict. Haskins v. Railroad Co. (Sup.) 29 N. Y. Supp. 274, affirmed by the court of appeals 145 N. Y. 604, 40 N. E. 164. We are consequently of the opinion that the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted, with costs to abide the event of this action. All concur, except WARD, J., dissenting.[1]

---

(1 App. Div. 157.)

## CATLIN v. RUNDLE.

(Supreme Court, General Term, Third Department. January 27, 1896.)

1. JUSTICE'S JUDGMENT—VALIDITY.
   A judgment of a justice of the peace, not rendered within four days after the trial and submission of the case to him, is void. Code Civ. Proc. § 3015.

2. APPEAL—VOID JUDGMENT.
   Though a judgment is void, it is sufficient to support an appeal for the purposes of review or reversal.

Appeal from Albany county court.

Action by P. Howard Catlin against Josephine Rundle, commenced in justice's court, and taken on appeal by defendant to the county court. From a judgment affirming the judgment of the justice, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, MERWIN, PUTNAM, and HERRICK, JJ.

Owen Cassidy, for appellant.

Waldo F. Bishop, for respondent.

HERRICK, J. The plaintiff brought an action against the defendant in the justice's court. It was tried before and submitted to the justice, September 14, 1894. The justice rendered judgment against the defendant for the sum of $21.55 on the 21st of September, 1894. The defendant appealed from such judgment to

[1] For dissenting opinion of Ward, J., see 38 N. Y. Supp. 42.

the county court, which court affirmed the judgment of the justice's court, and from such judgment of affirmance by the county court the defendant appeals to this court.

The judgment rendered by the justice was void, it not having been rendered within four days after the trial and submission of the case to him by the parties. Code Civ. Proc. § 3015; Putman v. Van Allen, 46 Hun, 492. But, although the judgment is void, it is sufficient to support the appeal for the purposes of its review and reversal. Gillingham v. Jenkins, 40 Hun, 594, and cases cited.

The judgments of the county court and the justice's court should therefore be reversed, with costs and disbursements of this appeal and the costs of the appeal to the county court. All concur.