AMERICAN RAILWAY EXPRESS COMPANY, Plaintiff, *v.* ASA EDDY, Defendant.

City Court of Albany, December 24, 1926.

Courts — City Court of Albany — calendar — motion to have cause of action restored to general calendar — plaintiff commenced trial before court and jury and then stipulated to submit all questions of law or fact to court — term of justice before whom case was tried expired before he rendered decision — Albany City Court Act (Laws of 1914, chap. 368), § 230, requires justice where jury trial is not demanded to render judgment within fourteen days after case is submitted — said limitation does not apply to case where jury trial is demanded — action herein did not abate at expiration of term of office of justice (Albany City Court Act, § 314).

Plaintiff which, at the close of its case, which was being tried before a justice of the City Court of Albany and a jury, stipulated with the defendant to submit all questions of law or of fact to the court, is entitled to have the case restored to the general calendar of said court and a date fixed for the trial thereof, although the term of the justice before whom the trial was begun expired before he rendered a decision, since section 230 of the City Court Act of the city of Albany (Laws of 1914, chap. 368), which requires a justice of said court, in cases where a jury trial is not demanded, to render judgment within fourteen days after the case is submitted, does not apply to a case where a jury trial is demanded; the action herein did not abate because the term of the trial justice expired (Laws of 1914, chap. 368, § 314), and the plaintiff should not be deprived of its day in court by reason of the omission of the trial justice to determine the case before his term of office expired.

MOTION by plaintiff to restore the above case to the general calendar of this court, and to have the court fix a day for trial.

*J. Harris Loucks,* for the plaintiff.

*Hun, Parker & Reilly* [*Michael D. Reilly* of counsel], for the defendant.

ILLCH, J.   The action was instituted by plaintiff to recover from defendant express charges for various interstate shipments of cream, in addition to those theretofore paid to plaintiff by defendant, under what plaintiff alleges were inadequate and erroneous tariff rates.

Issue was joined October 26, 1923; a trial by jury was demanded, and on June 13, 1924, the case came on for trial before this court and a jury.

The record discloses that after plaintiff rested, both parties stipulated in open court to waive the jury trial, and to submit all questions either of law or of fact to the court.   The parties were then given until June 23, 1924, to file briefs, and the case was considered as submitted on that date.

The justice before whom the trial was begun allowed his term of office to expire without having rendered any decision.

In June, 1926, plaintiff moved to restore the case to the calendar. The defendant opposed the granting of the motion upon the grounds that the court was without jurisdiction, and that the plaintiff was guilty of laches.

At the request of the respective attorneys ample time was granted to file briefs and the matter was recently submitted.

The determination of this motion depends upon the construction to be given to the language and limitation contained in section 230 of the City Court Act of the City Court of Albany, and known as chapter 368 of the Laws of 1914, which reads as follows:

" § 230. Issue of fact and law; judgment within what time to be rendered.   Upon an issue of fact joined, if a jury trial be not demanded, as required by this act, the court must hear the evidence, and decide all questions of fact and law, and render judgment accordingly within fourteen days from the time the same is submitted for that purpose, except when the defendant is under arrest, and has not given security for his appearance; in such case the court shall render judgment immediately after the close of the trial, and except where further time is given by the consent of parties or their attorneys.   All issues of law shall be heard and decided by the court, without a jury."

Almost the identical language of this section was contained in the former Municipal Court Act of the Municipal Court of the City of New York (Laws of 1902, chap. 580, § 230), and in numerous cases on appeal from judgments rendered after the fourteen days' limita-

tion, or the extended period, where such time limitation was extended, the appellate court reversed the judgment upon the ground that the justice was without authority to act, and held the judgment was unauthorized and, therefore, void. (*Orvis* v. *Curtiss,* 8 Misc. 681; *Van Valis* v. *Charcona,* 40 id. 226; *Maggio* v. *Ocean View Cemetery,* 47 id. 680; *Stewart* v. *New York City Railway Co.,* 50 id. 631; *City Button Works* v. *Cohn,* 52 id. 112.)

When the judgment was reversed it left the parties as they were before the trial, with their rights wholly unaffected by any adjudication. (*Taylor* v. *New York Life Ins. Co.,* 209 N. Y. 29, 34.)

In a few cases the Appellate Term not only reversed the judgment, but adopted the drastic measure of dismissing the complaint. (*Lamura* v. *Haggerty,* 30 Misc. 745; *Shaffer* v. *Vandewater & Co.,* 78 id. 133.)

I am in accord with the decisions holding that the justice is without power to render judgment after the expiration of the time so to do, but I am reluctant to accept the view that by providing a time limitation the Legislature intended to oust the court of jurisdiction of the action, because of the failure or inability of the justice to discharge his duty.

It seems to me subversive of justice to hold that litigants are not entitled to a retrial where the responsibility for a mistrial cannot be attributed to them but is due solely to the act of omission of the trial justice. Such a rule of law would deprive a party of his day in court and defeat the ends of justice, especially if the Statute of Limitations would be a bar to a new action.

In *Stern* v. *Fleck* (102 App. Div. 272) it was held that the Municipal Court had the power to invalidate a judgment rendered after the time so to do had expired, which would indicate that in the opinion of that court jurisdiction of the action was not entirely lost.

There are, however, additional reasons why this motion should be granted, as there are features in this case which distinguish it from all the cases cited above.

In the case under consideration a jury trial was demanded, and by reference to section 230 of the City Court Act of the City Court of Albany it will be observed that it is only in cases where no jury is demanded that the court must decide all questions of fact and law, and render judgment within fourteen days from the time the case is submitted.

It does not appear from the record or moving papers why this case was taken from the jury and submitted to the court. If it was because questions of law alone were involved, then the fourteen

days' limitation does not apply, for the act does not limit the time within which questions of law must be decided.

The action did not abate because the term of the trial justice expired. (City Court Act, § 314, of the City Court of Albany.)

The attorney for the defendant recites in his affidavit that because of the delay of plaintiff in proceeding to revive the action, certain tariff rates, notices and other documents which are necessary in the trial of the action have been misplaced or lost, and will not be available upon another trial of the action. I believe these records can and should be furnished by the plaintiff, if defendant is not able to locate them. This can be considered when a day is fixed for trial.

The motion to restore the case to the general calendar is granted, and the case will be placed upon the general calendar and called on December thirty-first next, at which time the attorneys should appear, or be represented, and a date for trial will be fixed.