Sophie Green, Plaintiff, v. John Steingester, Defendant.

County Court, Rockland County, November 28, 1930.

*Selzer & Fischman,* for the plaintiff.

*George Link,* for the defendant.

PATTERSON, J. The defendant moves that the judgment entered herein in a Justice's Court on the 22d day of October, 1930, be canceled on the ground that the justice did not render his decision within four days after the submission of the case to him as provided by section 270 of the Justice Court Act.

The moving affidavit as well as the transcript of the justice's docket shows that the summons was returnable on August 29, 1930, adjourned to September 5, 1930, when a trial was had, and that judgment was entered on October twenty-second following.

The plaintiff seeks to excuse the failure to enter judgment within the four-day period on the ground that it was agreed and stipulated between the parties that the time in which the justice could enter judgment be extended so as to give him an opportunity to obtain certain information independent of any evidence offered before him in court. This the defendant denies.

In such a contingency the record of the justice must control. It does not show any agreement or stipulation between the parties whereby the time of the justice to enter judgment should be extended; it simply recites, "Adjourned until Justice can get in touch with Justice LEVISON, as there is a question of the veracity of the claim."

This is far from a stipulation. For all that appears it is a gratuitous entry on the part of the justice.

The provisions of the Justice Court Act, that " the justice must render judgment and enter it in his docket book within four days after the case has been finally submitted," is mandatory; it says that he *must* do so.

There is no authority for extending this time except upon the clearest waiver and stipulation of the parties to the proceeding. The justice cannot do so by his own motion.

These cases are continually coming up, and invariably there is a conflict as to just what was the understanding. The only way that these misunderstandings can be avoided is by a written stipulation extending the time of the justice to render judgment and entering the same upon his docket.

The condition of this record as it stands, leaves no discretion in me, and I have no alternative except to cancel the judgment, and it is so ordered.