BUFFALO SAVINGS BANK, Appellant, *v.* OSCAR W. TUOTT (Widower), GEORGE L. WAGNER, and Another, Respondents, Impleaded with Others, Defendants.

Fourth Department, November 10, 1932.

*Dewitt Clinton* [*Myron S. Short* and *Marvin S. Burt, Jr.,* of counsel], for the appellant.

*Donnelly, O' Neil & Lindal* [*Leo F. Donnelly* of counsel], for the respondent Wagner.

*Alfred L. Harrison*, for the respondent Tuott.

*William H. Monahan*, for the respondent Abstract Title and Mortgage Corporation.

THOMPSON, J.   Plaintiff holds a mortgage against property of defendant Tuott.   Defendant Wagner has a judgment against him. Sometime before he made the mortgage, defendant Tuott filed a petition in voluntary bankruptcy, in which he listed the judgment held by Wagner.   Thereafter, upon the return of an order to show cause obtained by defendant Tuott, directed to and served upon judgment creditor Wagner, an order canceling the judgment of record was granted and entered.   It was after this that the mortgage was given so that at the time of its execution and recording the records in the county clerk's office showed that the judgment had been canceled.   It now appears that the proofs offered by the bankrupt in support of his application for the order canceling the mortgage, to the effect that the movant had been discharged in bankruptcy, were false and insufficient, so that the order would not have issued had the real facts been presented.   In order to test the question of priority between the mortgage and the judgment, plaintiff-mortgagee has brought this action for a declaratory judgment praying that the status of the two liens be determined. The real character of the order canceling the judgment will determine this question.   If the order is void, then the judgment is valid, and its lien is prior to that of the mortgage.   If the order is not void but voidable only, then it is good until set aside, and the lien of the mortgage is senior to that of the judgment.   It is the contention of the plaintiff that the order canceling the judgment is voidable and not void, and that, therefore, its mortgage lien is superior to the lien of the judgment.   Defendant, owner of the judgment, claims that the order is and at all times has been void so that the judgment was not canceled, and is, therefore, a prior lien to the lien of the mortgage.   This is an appeal from the judgment of the Trial Term, adjudicating the order void and of no effect for any purpose or at any time, and the judgment lien superior to the lien of the mortgage.

The order canceling the judgment is based upon an affidavit which avers directly that the United States District Court for the Western District of New York discharged the said Oscar Tuott from the said judgment.   It does not set forth the date of the discharge or allege that a year has elapsed since the bankrupt was discharged from his debts.   The order recites the adjudication, the listing of the judgment, and " that thereafter and upon proof of service of notice and application to discharge, the United States District

Court discharged said defendant from the said judgment * * *." The order does not state the date of the discharge or that more than a year has passed since then. The bankrupt's application for an order canceling the judgment is a special proceeding (*Guasti* v. *Miller*, 203 N. Y. 259), in which the court's jurisdiction is special and limited. It is wholly dependent upon the statute, and no presumption can be indulged in favoring that particular jurisdiction. The statute must be strictly pursued. Jurisdiction is not presumed in a special proceeding, or in actions or proceedings in a court of limited jurisdiction. In order that the court shall have jurisdiction in such cases, and that its judgment, decree or order shall be valid, it must first appear that all of the conditions prescribed by the statute have been met. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, 38; *Warren* v. *Union Bank of Rochester*, 157 id. 259; *Bullymore* v. *Cooper*, 46 id. 236.) This is not a mandate made by authority of a court's general jurisdiction where every presumption favors jurisdiction, and the burden of establishing the lack of it rests upon the one who asserts its absence. (*Matter of Doey* v. *Howland Co., supra; O'Donoghue* v. *Boies*, 159 N. Y. 87, 108, 109; *Ferguson* v. *Crawford*, 70 id. 253.)

The order canceling the judgment was made upon defective proofs. Section 150 of the Debtor and Creditor Law (as amd. by Laws of 1922, chap. 77), which is the statute authorizing the proceeding, specifically prescribes that such an application can only be made after one year has elapsed since the bankrupt's discharge. The proofs do not show such a fact; the order does not recite it, and moreover, it is not the fact. The order having been made in a special proceeding, and the jurisdictional facts authorizing the court to make it not appearing, it is a nullity.

The mortgagor owned an undivided one-fourth share in the premises covered by the mortgage, and he negotiated the mortgage loan for the purpose of raising funds with which to purchase the other outstanding shares. Of the $4,500 for which the mortgage was given, the mortgagor received $4,431, the sum of $69 being deducted by the bank. The mortgage fails to contain recital that it was given for the purchase price of the premises, nor do the proofs directly show what the amount of the purchase price was. It appears, however, that the sum of $4,000 was paid to the owners of the other three-fourths of the title for their shares. The testimony does not show what disposition was made of the remaining sum of $431. The Trial Term has held that the mortgage is a purchase-money mortgage to the extent of the sum of $4,000, and has refused to make a finding that the mortgage was a purchase-money mortgage in the full sum of $4,431. Appellant filed an

exception to this refusal to find and asserts here that in this respect the judgment is also erroneous. We think this a right conclusion. There is a total absence of proof from which the amount of the purchase price can be ascertained, *except* the testimony as to the actual payments made. The proofs are not susceptible of an inference that the total purchase price of $4,500 or that the sum of $431 was used or treated in any respect as a part of the purchase price. The only deduction that can be reasonably made from the proofs is that the purchase price of the premises was the sum of $4,000, which was the exact sum paid by the mortgagor for the shares in the property which he acquired by purchase.

The declaratory judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.