BORIS BLACK, Respondent, *v.* HERBERT LEVY and Another, Defendants, and ANTON MRASS, Appellant.

County Court, Sullivan County, March 28, 1935.

*Sidney H. Bishop*, for the appellant.

*Jacob Aks*, for the respondent.

COOKE, J. This is a motion by plaintiff, respondent, asking for an order directing a justice of the peace to file a further amended and corrected return showing that the verdict rendered by the jury in the sum of $100 was in favor of plaintiff against defendants Mrass and Levy, and no cause of action against defendant Tamrack Holding Corporation.

The return of the justice says: " Jury brought in verdict of $100 against the defendant Anton Mrass and no cause of action as against the other defendants. Mrass is the only appellant."

Conflicting affidavits are presented as to what the verdict was.

The return made by the justice is conclusive as to what occurred there.

In *Barber* v. *Stettheimer* (13 Hun, 198, at p. 200) it is stated: " It was irregular to entertain affidavits controverting the original return, and to require the justice to make a further return respecting the matters so controverted as to which his original return was full. The original return should have been taken as conclusive and acted on as true. If false, the remedy was by action. It has been so held in respect to returns to a writ of *certiorari*. (*Haines and ors.* v. *The Judges of Westchester*, 20 Wend. 625.) In *Rawson* v. *Adams* (17 Johns. 130) the rule was applied to the return of a justice upon an appeal to the County Court, under the statute (Laws 1813, ch. 94), as to the particulars which by statute he was required to return. If the return is defective, that is, if it does not fully respond to the specifications in the notice of appeal, it may be required to be amended. (Code, § 362.) But if it is fully responsive, its truthfulness cannot be questioned on the appeal. The contrary practice would lead to interminable controversy and confusion.

" The order of the County Court directing an amended return, may be reviewed on this appeal. (Code, § 329.) We think it was irregular, so far as it called for a return as to the truth of the matters in respect to which the original return was controverted by the affidavits; that the amended return, so far as it was in conflict with the original return, should not have been considered by the court; and that as the original return showed that the judgment of the justice was regular, the judgment of the County Court reversing it was erroneous and should be reversed, together with the order for an amended return, and that of the justice affirmed."

Besides, the docket of the justice says, " Verdict for plaintiff against defendant Mrass of $100."

The docket further states that he did forthwith and on the 7th day of September, 1934, render judgment in favor of Boris Black, the plaintiff, and against Anton Mrass, the defendant, for the sum of $100 damages as found by the jury in their verdict and for the sum of $15.95 costs, amounting in all to the sum of $115.95.

In the month of February, 1935, affidavits were made by the jurors to the effect that their verdict was against the defendants Mrass and Levy. Other affidavits claim the verdict was against Mrass only.

In *McDonald* v. *Pless* (238 U. S. 264) we find: " But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation — to the destruction of all frankness and freedom of discussion and conference."

Motion is, therefore, denied, with costs.