ALEXANDER A. PATRZYKOWSKI and Others, Doing Business under the Firm Name and Style of the AMERICAN BUILDING SALVAGE COMPANY, Respondents, v. SIDNEY MURSTEN, Appellant.

Fourth Department, March 10, 1937.

*Edward H. Wolkind,* for the appellant.

*Ernest L. Colucci,* for the respondents.

LEWIS, J.  The plaintiffs have been awarded a money judgment in the City Court of Buffalo which has been affirmed at Special Term and is now before us for review.

The trial, which was had before a City Court judge without a jury, was concluded June 13, 1935.  At the close of the evidence the trial judge is recorded as having stated: " Held for briefs. Decision reserved." There also appears under the caption " Decision of the Court " the following record: " June 13, 1935, Case called on regular day calendar, trial had, evidence closed, case submitted.  Held for briefs.  Feb. 5, 1936, Judgment in favor of plaintiff and against defendant for  *  *  *." Then follow the signature of the trial judge and a statement that notice of the decision was mailed to the attorneys on February 5, 1936.

The record contains no written stipulation by the parties, or their attorneys, extending the time within which a decision and judgment thereupon were to be rendered.  The question is thus presented whether, in the absence of record proof that such a written stipulation was filed with the court, the City Court had jurisdiction on February 5, 1936, to render the judgment which is the subject of this appeal.

The time within which a judgment of the City Court must be rendered is fixed by section 42 of the Buffalo City Court Act (Laws of 1909, chap. 570, § 42, as amd. by Laws of 1927, chap. 116), which, so far as material to our present inquiry, provides:

" § 42. Issue of fact and law; judgment within what time to be rendered.  Upon the issue of fact joined if a jury trial be not demanded, as provided in this act, the court must hear the evidence, and decide all questions of fact and law, and render judgment accordingly within ten days from the time the same was submitted for that purpose,  *  *  *.  Further time may be given by written stipulation of parties or their attorneys filed with the court, but said time shall not be extended beyond a period of three months from the date of the close of the evidence, or if briefs are to be

filed after the close of the evidence, from the date specified in such stipulation for the filing of same with the court. Failure of the court to render a decision in any case within said three months' period shall create a mistrial of the action and necessitate a new trial thereof."

The Legislature has thus indicated its purpose to prevent delay in the determination of causes. It has insured that result by so framing its mandate as to limit the jurisdiction of the court in certain respects. If, to permit the filing of briefs by counsel, or for any other reason, a judgment is not to be rendered within ten days from the time when the case is submitted for decision, a written stipulation to that effect must be filed with the court.

It is significant that the original enactment was less rigid in that regard. The statute then provided that an extension of time for decision and the rendering of judgment after ten days from the submission of the case for that purpose, could be given — " by the consent of parties or their attorneys in writings or in open court." (Laws of 1909, chap. 570, § 42.) This procedure apparently proved ineffective and was subsequently amended to make provision for the present requirement that a written stipulation be filed with the court fixing the period of extension. The amendment also forbids an extension " beyond a period of three months from the date of the close of the evidence, or if briefs are to be filed after the close of the evidence, from the date specified in such stipulation for the filing of same with the court." In addition to these requirements the amendment provides that if a decision is not rendered within " said three months' period " a mistrial shall be declared and a new trial had. (Laws of 1927, chap. 116.)

The recorded statement by the trial judge in the case at bar that the case was held for briefs and the decision reserved, did not permit him to retain jurisdiction of the case for a period which exceeded seven months. The requirements of the statute are not thus satisfied. If such procedure were to be approved, the attorneys, or either of them, by failure to file a brief, could thereby extend without limit the time for decision and thus defeat the clear purpose of the Legislature. (*Cohen* v. *Rafsky*, [App. Term, 1st Dept.] 187 N. Y. Supp. 62.)

The City Court of Buffalo, being a court of limited jurisdiction, possesses only those powers conferred upon it by statute; its jurisdiction will not be presumed but depends upon record proof of all facts and conditions which the statute declares to be essential thereto. (*Thomas* v. *Harmon*, 122 N. Y. 84, 88; *Gilbert* v. *York*, 111 id. 544, 548; *Buffalo Savings Bank* v. *Tuott*, 236 App. Div. 556, 558; *Bowman* v. *Seaman*, 152 id. 690, 694, 695.)

If, as the record indicates, the City Court judge was disposed to reserve his decision until a date more than ten days after the case was submitted for that purpose, and if counsel were permitted to file briefs, the statute required that there should be filed with the court a written stipulation extending the time within which a decision could be made and judgment rendered until a date not more than three months —" from the date specified in such stipulation for the filing of [briefs] with the court." Lacking record proof that such a stipulation was filed which extended the time for a period including February 5, 1936, within which the court's decision could be made, we conclude that the City Court was without jurisdiction on that date to render judgment.

We find support for this conclusion in numerous rulings by the Appellate Term, First Department, upon the review of cases which involved the jurisdiction of the Municipal Court of the City of New York under section 119, subdivision 1, of the Municipal Court Code — a statute which bears some analogy to section 42 of the Buffalo City Court Act but is less exacting in its requirements. (*Carpenter* v. *Pirner*, 107 N. Y. Supp. 875; *Weinstein* v. *International Gas & El. F. Co.*, 130 id. 186; *Klotz Fireproofing Co.* v. *Kenn-Well Contracting Co.*, 131 id. 624; *Holste* v. *McArdle*, 163 id. 1084; *U. S. Realty & Imp. Co.* v. *Ewing*, 174 id. 647; *Cohen* v. *Rafsky*, 187 id. 62.)

Having reached the conclusion that the judgment herein is void for lack of jurisdiction, we have not reviewed the case on the merits. The judgments from which appeals are taken should be reversed on the law and a new trial granted with costs to abide the event.

All concur. Present — SEARS, P. J., THOMPSON, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgments reversed on the law and a new trial granted, with costs in all courts to the appellant to abide the event.