CHARLES AGRO, Plaintiff, *v.* ARTHUR HERMAN, Defendant.

County Court, Erie County, May 15, 1942.

*John W. Ryan, Jr.,* for defendant.

*Cleveland W. Crosby* for plaintiff.

WARD, J. This is a motion to vacate " the judgment docketed in this court in the above entitled action on the 13th day of October, 1931," and to set aside " the garnishee issued on said judgment against the defendant's wages."

On September 9, 1931, a purported judgment was rendered by the City Court of Lackawanna in favor of the plaintiff and against the defendant. On October 13, 1931, a transcript of said judgment was filed in the Erie County Clerk's office, and on March 8, 1942, a garnishee execution was issued by the City Court of Lackawanna, and on March 23, 1942, another garnishee execution was issued by the County Court of Erie County upon said transcript.

At no time did any judge of the City Court of Lackawanna render judgment and enter it in his docket book.

Where a justice fails to render judgment and enter it in his docket book within four days after the cause has been finally submitted to him, the alleged judgment is void. (Justice Court Act, § 270; *Catlin* v. *Rundell,* 1 App. Div. 157.) The County

Court, however, in the absence of an appeal, is without power to vacate a judgment of the Justice's Court. (*East Syracuse Motor Car Co.* v. *Tuttle*, 230 App. Div. 872 [4th Dept.]; Justice Court Act, § 426.) After a justice's judgment is docketed in the county clerk's office, it becomes a mere statutory judgment of the County Court. (*Dieffenbach* v. *Roch*, 112 N. Y. 621.) Although the County Court does not have jurisdiction to set aside a judgment of a justice of the peace on a motion, it has power to set aside the transcript of the judgment filed in the county clerk's office, the judgment entered thereon and any execution thereof, where the justice lost jurisdiction by failure to render and docket his judgment within the time prescribed by law. (*Quackenbush* v. *Johnston*, 249 App. Div. 452; *Bieser* v. *Weiner*, 144 Misc. 94.)

In this case, the judge of the City Court of Lackawanna lost jurisdiction to render and docket a judgment after a lapse of over ten years. It follows that the transcript of the purported judgment filed in the Erie County Clerk's office, the judgment entered thereon and the garnishee execution thereof should be set aside and vacated. This Court is powerless, however, to vacate the void judgment of the City Court of Lackawanna.

Motion is granted as directed herein for the defendant. Prepare and submit order accordingly.