EDNA E. WARE, as Executrix of RALPH WARE, Deceased, Respondent, v. CORALIE E. PHIPPS, Appellant.— In an action by a real estate broker to recover a commission, the appeal is from a judgment of the City Court of Mount Vernon entered December 13, 1955, after a trial before the court without a jury, in favor of respondent, and from the decision dated December 12, 1955 upon which said judgment was entered. Judgment reversed and a new trial ordered, with costs to abide the event. The trial was held and completed on February 25, 1955. At the end of the trial, counsel waived the application of the statutory provisions with respect to the time within which the court was required to render its decision. At that time section 191 of the Mount Vernon City Charter provided that in all cases tried before the City Judge, without a jury, he should render his decision in writing within 20 days after the final submission of each case to him for determination and that if he failed to do so either party might again notice the case for trial, and a new trial should thereupon be had. Pending determination of the instant case the statute was amended (L. 1955, ch. 169, § 5) to provide that the court must, in such a case, render judgment within 30 days, and that "Further time may be given by written stipulation of parties or their attorneys filed with the court, but said time shall not be extended beyond a period of three months from the date of the close of the evidence, or if briefs are to be filed after the close of the evidence, from the date specified in such stipulation for the filing of same with the court. Failure of the court to render a decision in any case within said three months' period shall create a mistrial of the action and necessitate a new trial thereof." The amended statute applied to the instant case, which was then pending for determination before the City Court (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co.*, 201 App. Div. 223), and which was not decided until December 12, 1955, concededly after the expiration of the three-month period provided by the statute. In our opinion, despite the agreement of counsel as to the time within which the action might be decided, the statute deprived the court of jurisdiction to make a decision after the termination of the three-month period, and a new trial is, consequently, required. (*Richardi* v. *Baron Oldsmobile Corp.*, 1 A D 2d 971; *Patrzykowski* v. *Mursten*, 250 App. Div. 355.) If it be assumed that the time limitation provided may be waived, the agreement of counsel was ineffective for that purpose, since they were dealing with the statutory provisions then in effect, and not with those which did not come into existence until a month later. Appeal from decision dismissed, without costs. No appeal lies from a decision. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.