James D. Hopkins, J.
In this appeal from a judgment of the City Court of the City of Peekskill, dismissing the complaint in an action to recover the agreed and reasonable value of labor and materials, the appellant urges that the judgment is void in that the court below lost jurisdiction to enter it. The case was tried without a jury, and the trial was completed on September 22, 1957. The decision was made by the court on January 29, 1958, and the judgment was finally entered on May 22,1958.
Section 135 of the Charter of the City of Peekskill provides that in a case tried without a jury, the court shall render and file with the clerk its decision in writing within 20 days after the case has been submitted, unless the time is extended by stipulation of the parties. It further provides that a failure to render the decision within the time shall not result in the abatement or discontinuance of the action, but that either party may again notice the action for trial, and a new trial thereupon held.
It is clear that this section limits the court to a period of 20 days within which to render a decision. It follows in its general language and intent the provisions of other Municipal Court acts which were designed, as Mr. Justice Lewis said in Patrzykowski v. Mursten (250 App. Div. 355, 357): “ to prevent delay in the determination of causes.” Where delay beyond the prescribed period has occurred, it has been uniformly held that the judgment thereby arising was void (American Ry. Express Co. v. Eddy, 128 Misc. 502, affd. 222 App. Div. 840 [City Ct., Albany]; Patrzykowski v. Mursten, 250 App. Div. 355, supra [City Court, Buffalo]; Agro v. Herman, 179 Misc. 530 [City Court, Lacka *521 wanna]; Morris Plan Ind. Bank v. Faulds, 49 N. Y. S. 2d 845 [City Court, Schenectady]; Catlin v. Rundell, 1 App. Div. 157 [Justice’s Court]; Florea v. Friedman, 167 N. Y. S. 269 [Municipal Court, N. Y.]). This rule constitutes a corollary to the principle that a court of limited jurisdiction possesses only those powers endowed by statute; hence the record must show proof of all the conditions which the statute declares to be essential (Buffalo Sav. Bank v. Tuott, 236 App. Div. 556, 558).
The respondent claims, however, that at the conclusion of the trial, the parties stipulated to waive the provisions of section 135. The record does not indicate either the making or the nature of such a stipulation, and in instances where a decision was rendered at a time in excess of the span limited by law, the courts have said that the stipulation waiving or extending the time must plainly appear on the record (Patrzykowski v. Mursten, 250 App. Div. 355, 358, supra, Green v. Steingester, 138 Misc. 738, 739; Holste v. McArdle, 163 N. Y. S. 1084). This court is bound by the record as it is returned by the City Court on the appeal (Black v. Levy, 154 Misc. 904; cf. Gruhn v. Eppig, 175 App. Div. 787).
The judgment must therefore be reversed, and the action remitted to the City Court for further proceedings in accordance with section 135.
Submit order on notice.