(24 Misc. Rep. 201.)

### REUBENSTEIN v. SILBERFELD.

(Supreme Court, Appellate Term. July 1, 1898.)

DEMAND FOR JURY—TRIAL IN DISTRICT COURT.

Where, upon an appeal from a judgment of a district court to the appellate term of the supreme court, the record shows that on the return day "counsel for defendant asked for a trial by jury, which request the court refused to grant, on the ground that it was made after issue had been joined, and after an adjournment of the case had been taken, to which ruling counsel for defendant excepted," the form of statement supports the defendant's claim that he made his demand promptly upon the joinder of issue, and accordingly the judgment must be reversed.

Appeal from Fourth district court.

Action by Reuben Reubenstein against Sol Silberfeld. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

N. S. Levy, for plaintiff.
M. Strassman, for defendant.

PER CURIAM. The justice's return shows that issue was joined herein on September 3, 1897, and that the cause was thereupon adjourned to September 29, 1897, and again, from time to time, until October 13, 1897, when the trial took place. The stenographer's

minutes, which form part of the record, show that on September 3, 1897, "counsel for defendant asked for a trial by jury, which request the court refused to grant, on the ground that it was made after issue had been joined, and after an adjournment of the case had been taken. Counsel for defendant excepted to the ruling." The appellate term must go by the record, which, as we have seen, shows that issue was joined and a demand made for a jury trial on the same day, to wit, September 3, 1897. Presumably, therefore, in the absence of anything to show the contrary, both took place at the same time, within the meaning of.the statute. Section 1372 of the consolidation act, as amended by the Laws of 1891, provides as follows: "A trial by jury must be demanded at the time of the joining of an issue of fact, and is waived if neither party then demand it." The defendant claims that promptly upon the joinder of issue herein he made his demand for a jury trial, and·the record appears to sustain his assertion. It is well settled that where a party exercises his right to a trial by jury the justice cannot take it away from him. Proceedings in district courts must conform to the statute, and a violation of the statute renders a resulting judgment erroneous. These courts of limited jurisdiction can assume no power by implication, but must keep within the powers expressly given to them; and, if they go beyond them, their acts are void. See Blumburg v. Briggs, 10 N. Y. St. Rep. 242; Gaslight Co. v. French, 10 Misc. Rep. 750; 31 N. Y. Supp. 812; Schwartz v. Weehler, 2 Misc. Rep. 71, 20 N. Y. Supp. 861. We are of opinion that the judgment should be reversed upon the exception here presented, and, having reached this conclusion, we are not called upon to discuss the other questions raised upon this appeal.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(24 Misc. Rep. 180.)

ENRIGHT v. FRANKLIN PUB. CO.

(Supreme Court, Appellate Term. July 1, 1898.)

1. CHANGE OF VENUE—WAIVER OF APPLICATION.
    Where a defendant in an action in the municipal court makes and then withdraws an application for its removal to the city court, and an adjournment of the trial is granted at his request, he loses his right to removal of the cause.

2. ASSIGNMENT—ACTION ON CLAIM—OBJECTION TO· EVIDENCE.
    In an action upon an assigned claim, the exclusion of a question by defendant's counsel to the assignor, as to whether the latter expected to receive the amount recovered, does not constitute error on the ground that it bore upon the· credibility of the witness, unless that reason for asking it was called to the attention of the trial justice at the time.

Appeal from Fourth district court.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.