## LAMURA v. HAGGERTY.

(Supreme Court, Appellate Term. March 5, 1900.)

NEW YORK MUNICIPAL COURT—JURISDICTION—PENDING CAUSES—FAILURE TO DECIDE EFFECT.

Consol. Act, § 1372, declares that if, after a trial before a justice of the municipal court without a jury, he shall, within eight days after the submission of the case, certify that, because of the conflicting nature of the testimony, he deems it proper that the case should be submitted to a jury, he may set the same down for trial by a jury not more than eight days from the time of making the order, whereupon the action shall be continued to such time. Held, that where on February 8, 1899, the time within which a municipal court justice should decide a pending cause was extended to November 24, 1899, and he made no order as required by such section, and failed to decide the same, the municipal court lost jurisdiction of the case on the expiration of the time as extended, and hence another justice had no power to hear the same.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Frederico Lamura against James J. Haggerty. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Stickney, Spencer & Ordway, for appellant.
Herman Moeller, for respondent.

PER CURIAM. This action, as appears by the return, was tried on November 29, 1899, before Mr. Justice Worcester and a jury, and a verdict rendered in favor of the plaintiff. The return also contains consents signed by the attorneys for the respective parties, and dated November 8, 1899, stipulating "that the time of Mr. Justice Fallon to decide the issues in the above-entitled action, and to render judgment therein, be extended to and including November 24, 1899." The only possible inference to be drawn from this stipulation is that at some time prior to November 8, 1899, the cause had been tried before, and submitted to Mr. Justice Fallon. The only provision of statute providing for a retrial before a justice and jury, of a cause once tried before a justice alone, is to be found in section 1372 of the consolidation act, which reads as follows:

"If after a trial shall have been had before the justice without a jury, the justice shall, within eight days after the submission of the case or proceeding, certify that the evidence is of such a conflicting nature that he has been unable to determine the issue of fact, and that he deems it proper that the same should be tried by jury, he may, by an order, set the same down for trial by a jury for a day not more than eight days from the time of the making of the order, and thereupon the action or proceeding shall be continued in court and tried by jury as hereinbefore provided in the case where a trial by jury is ordered by the justice before the trial."

It does not appear from the return that Mr. Justice Fallon ever made the certificate and order provided for in the above-quoted section. In the absence of such a certificate and order, the municipal court lost jurisdiction of the action after November 24, 1899, the day to which Mr. Justice Fallon's time to decide it was extended by stipulation. Thereafter the cause was out of court. The defendant seasonably raised this objection to the jurisdiction at the opening of the trial before Mr. Justice Worcester, and duly excepted to the overruling thereof by the justice. It is unnecessary to pass upon the other grounds of appeal submitted by the defendant.

For the reasons above stated, the judgment must be reversed, and the action dismissed, with costs, without prejudice to a new action.