(35 Misc. Rep. 456.)

PEOPLE ex rel. JAFFE v. FITZPATRICK, Clerk of Municipal Court.

(Supreme Court, Special Term, New York County. July, 1901.)

1. MUNICIPAL COURTS—JURISDICTION.
   In the absence of statute, the municipal courts have no power to entertain proceedings to vacate satisfaction pieces filed on which judgments have been regularly canceled on the docket.

2. SAME—ATTORNEY AND CLIENT—LIEN.
   Code Civ. Proc. § 66, giving attorneys a lien on the cause of action, judgments, etc., of their clients, does not apply to the municipal courts of the city of New York.

Application for peremptory writ of mandamus by the people, on relation of Moses Jaffe, against Thomas Fitzpatrick, clerk of the Fifth municipal court of the city of New York. Writ denied.

Thomas Gilleran and Roger Foster, for relator.

J. A. Seidman, for defendants in judgment.

S. Fenchtwanger and A. C. Anderson, for respondent.

McADAM, J. A judgment was recovered in the municipal court, Fifth district, April 29, 1901, in favor of Louis Shulman against Colman Schechter et al., for $228.15, damages and costs. The relator, the attorney for the plaintiff in that action, received no fee, but was to have for his services 50 per cent. of the recovery, besides the taxable costs. On May 1, 1901, the plaintiff received $50, and executed a satisfaction piece of the judgment, which was filed with the clerk of the court, and the judgment was thereupon canceled of record. Laws 1857, c. 344, § 58; N. Y. Consol. Act 1882, c. 410, § 1408. Upon proof by affidavit that the defendants knew of the attorney's lien, and on notice to the defendants, the justice of the municipal court made an order that said satisfaction piece be vacated and set aside to the extent of $128.65, and the clerk of the court was required to issue an execution for that amount to the plaintiff's attorney. The clerk, doubting the power of the justice to make the order, declines to issue the execution, and the present application is for a writ of mandamus compelling him to issue the same.

Assuming (but not deciding) that an attorney in a municipal court action has a lien for costs similar to that allowed in courts of record, the question still remains whether the powers exercised by courts of record in regard to the enforcement of such liens have in any manner or to any extent been vested in the municipal court. The municipal court, as successor of the district courts, is, like a justice's court, an inferior tribunal, not proceeding according to the course of the common law, but of statutory creation, with a limited jurisdiction, taking nothing by implication. Possessing only such powers as are expressly conferred by the legislature, the court must in every instance show express authority for its acts. Jones v. Read, 1 Johns. Cas. 20; Ahern v. Steamship Co., 11 Abb. Prac. (N. S.) 336; Loomis v. Bowers, 22 How. Prac. 361; Loeb v. Smith, 24 Misc. Rep. 200, 52 N. Y. Supp. 677; Reubenstein v. Silberfeld, 24 Misc. Rep. 201, 52 N. Y. Supp. 703; Stone v. Miller, 62 Barb. 430; Bloom v. Huyck, 71 Hun, 252, 25 N. Y. Supp. 7. No statute can be

found which gives to the municipal court the power to entertain proceedings to vacate satisfaction pieces filed on which judgments have been regularly canceled on the docket, or to make any orders respecting the same. As was said by the court in Flint v. Van Dusen, 26 Hun, at page 607:

"Courts not of record, possessing only a limited jurisdiction, have no such equitable control over their judgments as will enable them to adjudicate upon and enforce liens thereon. No one will contend that a lien exists for services rendered in a justice's court."

See, also, Read v. Joselyn, 1 Sheld. 60.

In Harris v. Palmer, 5 Barb. 106, the court said:

"In the present case the judgment sought to be set off is before a justice of the peace, and upon his docket appears to be and is in fact, satisfied; and I do not see but he would be a trespasser by issuing an execution upon it on which the defendant's property should be taken. If it was in a court of record, perhaps the court would have the power, upon a proper application and sufficient facts appearing, to vacate the satisfaction and order an execution. But no such power resides in a justice's court, and the only way to test the plaintiff's right to enforce the judgment is to bring a new action upon it, when perhaps it would be competent for him, in answer to the proof of satisfaction by the levy and sale, to show the facts which he contends he has established on this motion."

See, also, Piper v. Elwood, 4 Denio, 165.

The court in Drago v. Smith, 92 Hun, 536, 36 N. Y. Supp. 975, held that the provisions of section 66 of the Code of Civil Procedure, giving an attorney a lien upon his client's cause of action, do not apply to the municipal court of Buffalo. We find no provision of law making this section applicable to the municipal court of the city of New York. After a satisfaction piece has been canceled in whole or in part, the revival, as far as the same affects innocent purchasers, is regarded as a new judgment. Beebe v. Bank, 1 Johns. 529, 3 Am. Dec. 353; Taylor v. Ranney, 4 Hill, 619. In Carpenter v. Willett, 28 How. Prac. 225, it appeared that after rendering a judgment a district court justice received proofs that it was a proper case for the imprisonment of the defendant, and made an order for such imprisonment. The court of appeals held that district courts have no power to amend their judgments; that after having rendered judgment the justices of said court are mere ministerial officers; and that the direction made subsequently to the judgment holding the defendant in that case liable to imprisonment was absolutely void. The determination of the right of lien of an attorney needs jurisdiction of an equitable nature involving the making of orders for the payment of money and the deposit of securities or delivery of papers, and compliance with such orders is often enforced by process unknown to justices' courts. It is clear, therefore, both upon principle and authority, that the justice had no power to vacate the satisfaction piece, and that the clerk properly refused to recognize the order as of any authority whatever.

The motion for a peremptory writ of mandamus must therefore be denied, with costs.