(40 Misc. Rep. 226.)

## VAN VALIS v. CHARCONA.

(Supreme Court, Appellate Term. March, 1903.)

1. MUNICIPAL COURT—RENDITION OF JUDGMENT.
  Under Laws 1902, p. 1486, c. 580, § 230, a justice of the Municipal Court loses jurisdiction unless he renders judgment within 14 days from the final submission of the action, and files his decision.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Anthanasios P. Van Valis against John P. Charcona. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

F. H. Reuman, for appellant.

GILDERSLEEVE, J. It appears from the record that the action was commenced on October 9, 1902, and was tried and submitted on November 14, 1902. The justice found for plaintiff, on a cause of action based on an alleged breach of contract, for $200 damages and $22 costs. The defense was a general denial. There is sufficient evidence to sustain the finding of the justice in favor of the plaintiff on the disputed questions of fact, and there is only one exception in the case, and that one is of small importance. It appears, however, from the record, that plaintiff amended his complaint by reducing his demand for damages from $200 to $190. The justice seems to have overlooked this fact when he fixed the damages at $200. This error, however, is one that could be rectified by this court by a modification of the judgment, without a reversal, which we would be disposed to do, were it not for the fact that the record shows that the justice had lost jurisdiction of the case. As we have seen, the case was submitted on November 14, 1902. The decision was signed on November 28, 1902, but the record states as follows, viz.: "The decision of the justice was filed in the clerk's office of this [the Municipal] Court on Dec. 2nd, 1902. Sd. Francis Mangin, Clerk." It therefore appears that the decision was not filed with the clerk of the Municipal Court until more than 14 days after the case had been submitted.

Section 230 of the Municipal Court act (Laws 1902, p. 1486, c. 580) required the justice to render judgment within 14 days from the

time when the case was submitted, except under certain circumstances, which are not applicable here. The rule is well settled that, where the justice does not render his decision within the time required by law, he loses jurisdiction of the case, and the judgment rendered under such circumstances must be reversed. See Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676. Previous to the act of 1902, above quoted, the limit of time was 8 days. It is now 14 days. In the case at bar, as we have seen, the decision was indorsed on the papers on November 28, 1902, 14 days after the case had been submitted; but this decision was not delivered to the clerk of the Municipal Court until 4 days after the expiration of the 14 days, i. e., on December 2, 1902. It must be held that the simple indorsement of the decision on the papers within the time limited by the statute is not a sufficient compliance with the statute. Unless the decision is delivered to the clerk within the statutory time, the justice loses his jurisdiction of the case. See Dalton v. Loughlin, 4 Abb. N. C. 187; Orvis v. Curtis (Com. Pl.) 28 N. Y. Supp. 728. The reason for this construction of the statute is very simple, as otherwise the justice, after signing his decision, could hold it back indefinitely without losing jurisdiction of the case. The judgment must be reversed, with costs to appellant.

Judgment reversed, with costs to appellant. All concur.