## STERN v. FLECK.

(Supreme Court, Appellate Division, Second Department.   March 3, 1905.)

MUNICIPAL COURT—JUDGMENTS—VACATION—JURISDICTION.

    Under Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, providing that the judge who presided at the trial may set aside the verdict, or vacate the judgment and award a new trial, as the case may require, a Municipal Court judge had jurisdiction of his own motion to set aside a judgment erroneously entered by him after he had lost jurisdiction of the case by lapse of time.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Albert Stern against August Fleck.   From an order of the New York Municipal Court vacating a judgment in favor of defendant, he appeals.   Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

C. D. Rust, for appellant.

Fred. L. Gross, for respondent.

WILLARD BARTLETT, J.   The return on appeal shows that this action was tried before a Municipal Court justice without a jury on the 9th day of March, 1904, and on that day submitted to the justice for his decision and determination; that on the 31st day of March, 1904, a judgment was rendered in favor of the defendant for the sum of $20, and dismissing the complaint on the merits; and that on the 21st day of April, 1904, an order was made vacating and setting aside the judgment on the ground that it was void because it had not been rendered within the time prescribed by statute.   Among the papers attached to the return is an order by the Municipal Court justice in these words:

    "My attention having been called to the fact that the judgment herein is void because of not being rendered within statutory time, I order and direct that the judgment entered herein be vacated and set aside.   Dated April 21st, 1904."

In the brief submitted in behalf of the appellant it is stated that at the close of the trial on March 9, 1904, the justice gave counsel 10 days within which to submit briefs; that the brief of the attorney for the defendant was submitted on March 19, 1904; and that judgment was rendered dismissing the complaint on March 31, 1904, 12 days after the case was submitted to the justice, and therefore within the time prescribed by law, which is 14 days.   Laws 1902, p. 1557, c. 580, § 230. It is also stated in this brief that no notice was given either to the plaintiff or to the defendant, or to the attorney for either party, of the intended action of the court in making the order appealed from.   Unfortunately for the appellant, however, none of these assertions are sustained by the return, and we must be bound by the contents of the return in disposing of the appeal.

It is argued that, if the court below was right in holding that more than 14 days had elapsed between the time when the case was submitted and the rendition of judgment, that fact deprived the Municipal

Court justice of all jurisdiction in the cause, and therefore that he was without power to make the order appealed from. See Lamura v. Haggerty, 30 Misc. Rep. 745, 62 N. Y. Supp. 1084. It is also argued that the only remedy, in case jurisdiction is lost by a failure to render judgment within the time prescribed by the statute, is by appeal. See Penniman v. La Grange, 23 Misc. Rep. 121, 50 N. Y. Supp. 710. While it is true that it has frequently been held that jurisdiction of an action is lost by an omission to decide the case in time, the decisions to this effect should not be construed as going so far as to deprive the Municipal Court of the power to declare upon its own minutes that a judgment rendered therein under such circumstances is invalid. I think it may properly make an order vacating such judgment under the authority conferred by the last clause of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), which provides that the judge who presided at the trial "may make an order setting aside the verdict, or amending, modifying or vacating the judgment and awarding a new trial and setting the cause down for trial for a time to be specified in the order as the case may require." Section 257 of the same act authorizes an appeal from such an order. It is not necessary or proper that the order should award a new trial, inasmuch as the ground upon which the order is made is the want of jurisdiction to proceed further in the cause.

. If the return herein set out the facts stated in the brief for the appellant, showing that the judgment for the defendant was actually rendered within 14 days after the case was submitted, he would, of course, be entitled to a reversal; but inasmuch as by the return, which is conclusive upon us, the contrary fact is made to appear, we have no option but to affirm the order.

Order of the Municipal Court affirmed, with costs. All concur; HOOKER, J., not voting.