<hr />

MAGGIO v. OCEAN VIEW CEMETERY et al.

(Supreme Court, Appellate Term.    June 22, 1905.)

1. APPEAL—RECORD—CONFLICT WITH CLERK'S RETURN.
     Where there is a palpable mistake in the clerk's return, the recitals of the record must prevail.

2. MUNICIPAL COURT—JUDGMENTS—TIME OF RENDITION.
     Where a case in the Municipal Court was closed on January 30th, and no legal stipulation was entered into between the parties to extend the time within which to render judgment, but defendant's attorney alone stipulated to extend the time to February 28th, and later to March 10th, whereas plaintiff's attorney expressly requested the justice to render judgment within the statutory time, a judgment rendered on March 8th was void under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230, requiring the court to render judgment within 14 days from the time of the submission of the cause.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Maggio against the Ocean View Cemetery and St. Agnes Cemetery. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

G. L. Maggio, for appellant.
Herbert H. Walker, for respondents.

MacLEAN, J. The plaintiff, as assignee, sought to recover wages upon a contract for work, labor, and services performed, and damages for a breach. From the judgment rendered in favor of the defendants, the plaintiff appeals, and, among other objections, raises the question of jurisdiction of the court below to render this judgment.

The return made by the clerk recites that the cause was tried on February 28, 1905, as also that the summons was issued on October

3, 1905. Where there is palpable mistake, the record must prevail, and the record herein discloses that the case was closed and decision reserved on January 30, 1905, and that thereafter no legal stipulation was entered into between the parties to extend the time of the trial justice within which to render judgment. All that appears is that the attorney for the defendants alone stipulated first to extend the time to February 28th, and later to March 10th, while by letter attached to the record, and dated February 11th, the attorney for the plaintiff expressly requested the trial justice to render judgment within the statutory time. The judgment, having been rendered on March 8, 1905, was not within the time fixed by section 230 of the Municipal Court Act, Laws 1902, p. 1557, c. 580, and so void. Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676.

Judgment reversed, with costs to the appellant. All concur.