ALBERT STERN, Respondent, v. AUGUST FLECK, Appellant.

*A Municipal Court may vacate its own void judgment — the order is appealable — the appellate court is concluded by the return — it cannot consider statements in contravention thereof in the brief of counsel.*

Where a justice of the Municipal Court of the city of New York renders judgment in a case tried before him, which judgment is void because it was not rendered within the fourteen days prescribed by section 230 of the Municipal Court Act (Laws of 1902, chap. 580), the justice has power, under section 254

of that act, to make an order vacating such judgment. Such order is appealable to the Appellate Division under section 257 of the Municipal Court Act. Upon such an appeal the court is bound by the contents of the return made by the justice, and cannot consider statements in the appellant's brief, not supported by the return, tending to show that the judgment was rendered within the statutory time.

APPEAL by the defendant, August Fleck, from an order of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 21st day of April, 1904, vacating and setting aside a judgment in favor of the defendant.

*C. D. Rust,* for the appellant.

*Fred. L. Gross,* for the respondent.

WILLARD BARTLETT, J.:

The return on appeal shows that this action was tried before a Municipal Court justice without a jury on the 9th day of March, 1904, and on that day submitted to the justice for his decision and determination; that on the 31st day of March, 1904, a judgment was rendered in favor of the defendant for the sum of twenty dollars and dismissing the complaint on the merits, and that on the 21st day of April, 1904, an order was made vacating and setting aside the judgment on the ground that it was void because it had not been rendered within the time prescribed by statute. Among the papers attached to the return is an order by the Municipal Court justice in these words: " My attention having been called to the fact that the judgment herein is void because of not being rendered within statutory time, I order and direct that the judgment entered herein be vacated and set aside. Dated April 21st, 1904."

In the brief submitted in behalf of the appellant it is stated that at the close of the trial on March 9, 1904, the justice gave counsel ten days within which to submit briefs; that the brief of the attorney for the defendant was submitted on March 19, 1904; and that judgment was rendered dismissing the complaint on March 31, 1904, twelve days after the case was submitted to the justice, and, therefore, within the time prescribed by law, which is fourteen days. (Laws of 1902, chap. 580, § 230.) It is also stated in this brief that no notice was given either to the plaintiff or to the defendant, or to the attorney for either party, of the intended action of the court in

making the order appealed from. Unfortunately for the appellant, however, none of these assertions are sustained by the return, and we must be bound by the contents of the return in disposing of the appeal.

It is argued that if the court below was right in holding that more than fourteen days had elapsed between the time when the case was submitted and the rendition of judgment, that fact deprived the Municipal Court justice of all jurisdiction in the cause and, therefore, that he was without power to make the order appealed from. (See *Lamura* v. *Haggerty*, 30 Misc. Rep. 745.) It is also argued that the only remedy in case jurisdiction is lost by a failure to render judgment within the time prescribed by the statute is by appeal. (See *Penniman* v. *La Grange*, 23 Misc. Rep. 121.) While it is true that it has frequently been held that jurisdiction of an action is lost by an omission to decide the case in time, the decisions to this effect should not be construed as going so far as to deprive the Municipal Court of the power to declare upon its own minutes that a judgment rendered therein under such circumstances is invalid. I think it may properly make an order vacating such judgment under the authority conferred by the last sentence of section 254 of the Municipal Court Act (Laws of 1902, chap. 580), which provides that the judge who presided at the trial "may make an order setting aside the verdict, or amending, modifying or vacating the judgment and awarding a new trial and setting the cause down for trial for a time to be specified in the order as the case may require." Section 257 of the same act authorizes an appeal from such an order. It is not necessary or proper that the order should award a new trial inasmuch as the ground upon which the order is made is the want of jurisdiction to proceed further in the cause.

If the return herein set out the facts, stated in the brief for the appellant, showing that the judgment for the defendant was actually rendered within fourteen days after the case was submitted, he would of course be entitled to a reversal, but inasmuch as by the return, which is conclusive upon us, the contrary fact is made to appear, we have no option but to affirm the order.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Order of the Municipal Court affirmed, with costs.