(50 Misc. Rep. 630)

### QUINN v. SCHNEIDER.

(Supreme Court, Appellate Term. April 24, 1906.)

COURTS—MUNICIPAL COURTS—POWER TO VACATE JUDGMENTS—STATUTES.

Under Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254, authorizing a Municipal Court judge to vacate a judgment on motion made within five days from the judgment, a Municipal Court judge has no jurisdiction to set aside a judgment, not a default judgment, entered by him after he had lost jurisdiction of the cause by a lapse of time, where the motion was not made within five days from the rendition of the judgment; section 1, subd. 19, conferring power to vacate judgments, being qualified by section 254.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William T. Quinn against George J. Schneider. From an order of the Municipal Court vacating a judgment in favor of plaintiff, he appeals. Reversed, with costs.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Elwin L. Garvin, for appellant.
Max Schleimer, for respondent.

BISCHOFF, J. The order appealed from, which vacated the plaintiff's judgment, was made upon the ground that the judgment was void because the decision was not rendered within 14 days from the date of the submission of the cause, or within the additional time given by consent of the parties (Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230), but the application for the order was not made within five days after the judgment was rendered. The judgment was not

rendered upon default, hence the motion did not fall within section 253 of the Municipal Court Act, and, while the justice had power to vacate the judgment upon the ground that it was void, that power existed by virtue of section 254 (Stern v. Fleck, 102 App. Div. 272, 92 N. Y. Supp. 453), limited to a case where the motion was made within the period of five days, provided by that section (Buschbaum v. Feldman, 43 Misc. Rep. 85, 86 N. Y. Supp. 747). The provisions of subdivision 19 of section 1 of the act, declaring the power to direct or set aside verdicts or to open or vacate judgments, are necessarily qualified by the particular restrictions of sections 252 to 256, which cover the whole subject, and nothing in the statute affords authority for the vacatur of a judgment not rendered upon default, where the motion is made after five days have elapsed.

The order appealed from is therefore reversed, with costs. All concur.