### CITY BUTTON WORKS v. COHN et al.

### COHN et al. v. CITY BUTTON WORKS.

#### (Supreme Court, Appellate Term. December 11, 1906.)

COURTS—MUNICIPAL COURTS—ENTRY OF JUDGMENT.

> Under section 230 of the Municipal Court act (Laws 1902, p. 1157, c. 580), providing that the court may have 14 days in which to render judgment from the time the same is submitted to him for that purpose, a judgment of a Municipal Court will not be sustained on appeal, where the record shows that the case in which it was entered was submitted for decision and decision reserved more than 14 days before its entry, unless it affirmatively appears in the record that time was given in which to submit briefs.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Actions between the City Button Works and Julius H. Cohn and another, doing business as J. H. Cohn & Co., and the Gotham Garter & Novelty Company. From a judgment for Cohn & Co. and the Gotham Garter & Novelty Company, the City Button Works appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Epstein Brothers, for City Button Works.
Howard Hasbrouck, for J. H. Cohn & Co.

GILDERSLEEVE, J. Each of these cases was tried upon April 3, 1906. Judgment, however, was not entered in either case until April 21, 1906, being more than the 14 days provided for by section 230 of the Municipal Court act (Laws 1902, p. 1557, c. 580).

It is strenuously urged by counsel for the respondent that as section 230 provides that the court may have 14 days in which to render judgment from the time "the same is submitted to him for that purpose," and there being nothing in the return to show that the cases were submitted to the court on April 3, 1906, the judgments should not be reversed on that ground. The return states that the cases were tried

April 3, 1906. At the close of the testimony in No. 89 a stipulation was entered on the minutes to the effect that the testimony in that case shall be considered as in the action No. 90 "tried this day," after which appears the words, "Decision reserved." The Municipal Court is a court of limited jurisdiction, and its jurisdiction will not be presumed; but all the facts essential thereto must appear in the record. Tannenbaum v. Natchtigall, 29 Misc. Rep. 759, 60 N. Y. Supp. 474. It must in every instance show authority for its acts. People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 457, 71 N. Y. Supp. 191. Had it affirmatively appeared in the record that time was given in which to submit briefs, then the time in which to render judgment would date from the time given for filing briefs. Hill v. Hill (Sup.) 99 N. Y. Supp. 410. But from the record it conclusively appears that the case was submitted for decision on April 3, 1906, and decision reserved, and in such a case judgment must be rendered within 14 days. Maggio v. Ocean View Cemetery et al. (Sup.) 94 N. Y. Supp. 595.

Judgments reversed, with costs. All concur.