(53 Misc. Rep. 271)

## DIXON v. CARRUCCI.

(Supreme Court, Appellate Term.   March 14, 1907.)

COURTS—MUNICIPAL COURTS—SPECIAL APPEARANCE—DEFAULT—APPEAL.

Defendant successfully moved to vacate a default judgment in a Municipal Court, and the case was set for a new hearing, at which he appeared specially and another default judgment was rendered against him.   He appealed from the second default, and from that part of the order vacating the former judgment which set the case for trial.   *Held*, that Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1, subd. 19, as modified by sections 252 to 256 (pages 1562, 1563), limits the power of the court in setting aside defaults to cases where new trials are ordered, and the motion to vacate the judgment must be considered, if at all, as a motion to open a default, · and hence no appeal would lie.

Appeal ·from Municipal Court, Borough of Manhattan, Tenth District.

Action by Edward C. Dixon against Guiseppe Carrucci.   From a Municipal Court judgment in favor of plaintiff, defendant appeals. Dismissed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Bunnell & Bunnell, for appellant.
James I. Moore, for respondent.

GILDERSLEEVE, J.   The defendant appealed from a judgment rendered in this action upon the ground that no personal service of the summons had ever been made upon him and that he had not appeared generally in the action.   Section 311, Municipal Court Act (Laws 1902, p. 1578, c. 580).   That appeal was heard, and it was held that the court below never obtained jurisdiction of the person of the defendant, but that, an attachment having been issued in the action and a levy made, jurisdiction was acquired over the property; and, as it further appeared that the plaintiff's proof of his cause of action was insufficient, the judgment was reversed, and the case sent back for a new trial.   49 Misc. Rep. 222, 97 N. Y. Supp. 380.   Upon the new trial another inquest was taken, and judgment again given in favor of the plaintiff. The defendant then made a motion to vacate and set aside the judgment.   The motion was made upon several grounds, some of which seem to be substantially the same as were urged upon the appeal taken from the judgment first obtained by the plaintiff.   49 Misc. Rep. 222, 97 N. Y. Supp. 380.   The motion to vacate the judgment was granted, and the case was set down for a trial.   Upon the third trial the defendant appeared specially, for the purpose of moving to dismiss the complaint, but at no time appeared generally, and again an inquest was taken.·   From the last judgment, and from that portion of the order vacating the second judgment which sets the cause down for a trial, the defendant again appeals.

· The judgment appealed from having been taken upon default, no appeal lies therefrom.   Brown v. Bouse, 43 Misc. Rep. 72, 86 N. Y. Supp. 240.   Subdivision 19 of section 1, authorizing the Municipal Court to vacate a judgment, etc., is qualified by sections 252 to 256,

Municipal Court Act (Quinn v. Schneider, 98 N. Y. Supp. 657, 50 Misc. Rep. 630), and the only authority given the Municipal Court to vacate judgments, etc., is conferred by these sections. In none of these sections is there any provision for the vacating and setting aside of a judgment, unless the order made shall contain a direction for a new trial. If, therefore, the motion in this case can be considered at all, it must be regarded as one made to open a default, and an order granting the same is not appealable. Spiropulos v. Magnioni, 49 Misc. Rep. 90, 96 N. Y. Supp. 438.

Appeals dismissed, with costs. All concur.