CARPENTER v. PIRNER.

(Supreme Court, Appellate Term. December 20, 1907.)

1. COURTS—MUNICIPAL COURT—TIME FOR RENDERING JUDGMENT—JURISDICTION.

In the absence of any valid consent of the parties extending the time of court in which to render judgment, a judgment rendered July 17, 1907, in a case tried May 10, 1907, is void under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230, which provides that the court must render judgment within 14 days from the time the case is submitted to it.

2. SAME.

Under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 230, which provides that, unless the parties consent otherwise, the court must render judgment within 14 days from the time the case is submitted to it, a judgment should have been rendered on May 31, 1907. On that day the justice, wishing more time, was asked by defendant's attorney how much time he would require, and replied that another week would be sufficient. The attorney said, "You may have a week, and all summer if you want it." No written stipulation by defendant extending the justice's time appears in the record. An entry appears in the attorney's record to the effect that the justice's time was extended a week. Judgment was rendered on July 19, 1907. Held, that the court had lost its jurisdiction, since at most the time was extended but one week; the words, "and all summer if you want it," indicating that, if the justice desired more than one week, he should again apply for additional time.

3. SAME—PRESUMPTIONS AS TO JURISDICTION.

The Municipal Court being a court of limited jurisdiction, its jurisdiction will not be presumed; but all the facts essential thereto must appear in the record.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 142.]

4. STIPULATIONS—ORAL STIPULATIONS IN OPEN COURT.

An oral stipulation, made in open court and entered in the minutes, will be enforced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, § 14.]

**5. SAME—RULES OF PRACTICE.**

By the express provisions of rule 11 of the general rules of practice,. oral agreements between parties or their attorneys cannot be enforced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, §§ 5–13.]

**6. COURTS—MUNICIPAL COURT—RULES—EXTENSION OF TIME FOR RENDERING JUDGMENT.**

Rule 17 of the Municipal Court, which provides that "a stipulation to extend the time of the court within which to render judgment or make a decision may be entered into between parties or their attorneys on the record in the minutes of the trial or in a written stipulation signed to that effect," contemplates the making of a record or the filing of a written stipulation in order to enable the court to retain jurisdiction to render judgment after the expiration of the statutory time.

**7. SAME.**

Such a rule is as binding upon the court as upon the parties or their attorneys.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 294.]

Ford, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, First District. Action by Achilles Carpenter against Frank W. Pirner. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

See 102 N. Y. Supp. 461.

Argued before GILDERSLEEVE, P. J., and McCALL, and FORD, JJ.

Charles W. Culver, for appellant.

Wheeler, Cortis & Haight (H. M. Hewitt, of counsel), for respondent.

GILDERSLEEVE, P. J. · This is an appeal by the defendant from a judgment rendered in favor of the plaintiff, and one of the points raised by the defendant is that the court below lost jurisdiction of the case by failure to render judgment within the statutory time. Section 230, Municipal Court Act (Laws 1902, p. 1557, c. 580). It is undisputed that the case was tried on May 10, 1907, and judgment was not rendered until July 19, 1907. In the absence of any valid consent of the parties extending the time of the court in which to render judgment, such a delay would render the judgment void. Lamura v. Haggerty, 30 Misc. Rep. 745, 62 N. Y. Supp. 1084; Van Valis v. Charcona, 40 Misc. Rep. 226, 81 N. Y. Supp. 630; A. M. Eisenberg & Co. v. Janzlik (Sup.) 92 N. Y. Supp. 247.

The respondent seeks to uphold the judgment upon the following facts: At the conclusion of the trial the justice reserved his decision and asked for briefs to be submitted by May 17th, which was done. The time (14 days) in which to render judgment would therefore have expired on May 31, 1907. · On that day the justice called up the defendant's attorney by telephone and asked for an extension of time in which to decide the case. The defendant's attorney asked how much time the justice desired, and was told a week would be sufficient, whereupon the defendant's attorney said: "You may have a week, and all summer if you want it." The plaintiff's attorney con-

sented in writing to extend the justice's time until August 1, 1907. The attorney who thus verbally on May 31st consented to the justice having more time died on June 9, 1907, and the defendant's present attorney urges that the court obtained no jurisdiction by the consent thus given by the deceased attorney. We are reluctantly forced to the same conclusion. It is conceded in the record that the defendant's attorney never gave any written stipulation extending the time of the justice in which to render his decision, and none appears in the record. The son of the deceased attorney was a partner with his father when the case was tried, and is now the attorney of record. He swears that his father informed him that the justice's time had been extended one week, and that in the record kept by them there appears, in the handwriting of his father, an entry to the effect that one week longer had been given the justice. The actual time thus orally given seems to depend upon the recollection of the justice as to a conversation had over the telephone, and if such time was for more than one week it was indefinite and uncertain. The addition of the words, "and all summer if you want it," to the granting of a week's time, would indicate that, if more than one week was desired by the justice, he should evidence that wish by again applying for more time. At most, therefore, the time was extended but one week, which would expire on June 8th, and the judgment was not rendered until July 19th.

There is another and more serious reason for the reversal of the judgment. The Municipal Court is a court of limited jurisdiction. Its jurisdiction will not be presumed; but all the facts essential thereto must appear in the record. Tannenbaum v. Natchtigall, 29 Misc. Rep. 759, 60 N. Y. Supp. 474. It must in every instance show authority for its acts. People ex rel. Jaffe v. Fitzpatrick, 35 Misc. Rep. 456, 71 N. Y. Supp. 191. An oral stipulation, made in open court and entered in the minutes, will be enforced. Slaven v. Germain, 64 Hun, 506, 19 N. Y. Supp. 492; Staples v. Parker, 41 Barb. 648. Oral agreements between parties or their attorneys cannot be enforced. See rule 11, General Rules of Practice. Rule 17 of the Municipal Court, which provides as follows: "A stipulation to extend the time of the court within which to render judgment or make a decision may be entered into between parties or their attorneys on the record in the minutes of the trial or in a written stipulation signed to that effect"—contemplates the making of a record or the filing of a written stipulation in order to enable the court to retain jurisdiction to render judgment after the expiration of the statutory time. The rule is a wise one, and is based upon the fact that a justice loses jurisdiction after the expiration of the statutory time, unless continued jurisdiction is conferred upon him by consent given in due form of law, and this rule is as binding upon the court as upon the parties or their attorneys. To hold that a justice may, by an oral agreement between himself and one of the parties, extend the time in which he is required by law to render a judgment, would lead to grave abuse and open the door to fraud and perjury, and cannot be countenanced. That this result is peculiarly unfortunate for the plaintiff in this case must not stand in the way. He should have seen to it that the jurisdiction

in the court below was retained by written stipulation, signed by the parties or their attorneys, and filed with the court or shown by some suitable entry upon the docket.

Judgment reversed, and complaint dismissed, with costs.

McCALL, J., concurs.   FORD, J., dissents.