MOSEHAUER v. JENKINS et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—CONCLUSIVENESS OF RETURN.

The return of the justice is conclusive on appeal as to the circumstances therein appearing under which judgment was rendered, whether showing that judgment was or was not rendered within the time limited therefor by statute.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—ENTRY OF JUDGMENT—"SUBMITTED."

Where it is announced by the justice at the conclusion of trial "Decision Reserved," the case is "submitted" within Municipal Court Act (Laws 1902, p. 1557, c. 580) § 230, allowing the justice for rendering judgment 14 days from the time the case is submitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 7, pp. 6719, 6720.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Edward Mosehauer against Edward T. Jenkins and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick Miller, for appellant.
Franklin Taylor, for respondent Ewell.

HOOKER, J. The case was tried in the Municipal Court on February 21, 1908, and decision reserved, but judgment was not rendered until March 23, 1908, more than 14 days. Municipal Court Act

(Laws 1902, p. 1557, c. 580) § 230. There was no stipulation to extend the time for rendering judgment. Such are the circumstances as they appear in the return of the justice, which is controlling upon us. Stern v. Fleck, 102 App. Div. 272, 92 N. Y. Supp. 453. The case is deemed submitted and the 14 days commence to run on the day of the trial, when it is announced by the justice at its conclusion. "Decision reserved." City Button Works v. Cohn, 52 Misc. Rep. 112, 101 N. Y. Supp. 765.

The justice, therefore, had lost jurisdiction to render judgment, which must be reversed and a new trial ordered, costs to abide the event. All concur.