## BARNES v. SUMMIT SILK MFG. CO.

(Supreme Court, Appellate Term. January 8, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DECISION—TIME—APPEAL.

Where the return on appeal from the Municipal Court states that the case was tried on a certain day, and the statement is followed by the words "decision reserved," the case is deemed to have been submitted on that day, and Municipal Court Act (Laws 1902, p. 1557, c. 580), § 230, requiring a decision 14 days after submission, would render a decision after 14 days from that day without jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—DECISION—TIME—STIPULATION—APPEAL.

Where a motion in the appellate court to remand a cause to the Municipal Court to resettle, in order that the record might show that time was given to submit briefs after submission, was granted, unless the parties stipulated that two days' time was given, and such stipulation was made and filed in the appellate court, no objection can be made, under Municipal Court Act (Laws 1902, p. 1557, c. 580), § 230, requiring a decision to be rendered 14 days after submission, that the decision was rendered 16 days thereafter.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. MASTER AND SERVANT (§ 9*)—EMPLOYMENT—DURATION—RENEWAL.

Where an employé is hired for a term to begin in March and end on January 1st, and holds over and is then discharged, there is no renewal of the contract for the period for which he was originally hired, under the rule that a holding over after the hiring for a year renews the contract for another year.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 11; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Action by Lennox D. Barnes against the Summit Silk Manufacturing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

William S. Bogart, for appellant.

Wilmer, Canfield & Stone, for respondent.

GILDERSLEEVE, P. J. This is an action for breach of an alleged implied contract. The plaintiff was engaged by the defendant, the Summit Silk Manufacturing Company, some time in January, 1907, as an employé of said defendant in the capacity of salesman, which employment was to commence in March and terminate January 1, 1908. Plaintiff continued in the employment of defendant, or its successor, the Summit Silk Company, after January 1, 1908, and until January 31, 1908, when plaintiff received notice of his discharge, and plaintiff claims that, by reason of holding over in his employment, he is entitled to a renewal of the original contract of his employment. The Summit Silk Manufacturing Company and the Summit Silk Company had both been made parties defendant. A demurrer was interposed by the Summit Silk Company, and no argument offered by the plaintiff in opposition to this demurrer, which was sustained, and the complaint as to the Summit Silk Company was dismissed, without prejudice as to the bringing of a new action. The trial of the action between the plaintiff and the Summit Silk Manufacturing Company was then had before the court without a jury, and thereafter the justice rendered his decision in favor of the defendant, the Summit Silk Manufacturing Company, with costs. Plaintiff appeals.

The return shows that the case was tried on April 21, 1908, and that decision herein was rendered May 7, 1908, 16 days after the trial. Under section 230 of the Municipal Court Act (Acts 1902, p. 1557, c. 580), plaintiff claims that the trial justice lost jurisdiction of this case because his decision was not rendered within the 14 days prescribed by that section, and that therefore the decision as rendered both for the Summit Silk Manufacturing Company and the Summit Silk Company was null and void and should be vacated. The general rule undoubtedly is that where the return on appeal from the Municipal Court states that the case was tried on a certain day, and this statement is followed by the words, "decision reserved," the case is deemed to have been submitted on that day, and a decision rendered more than 14 days thereafter is without jurisdiction. City Button Works v. Cohn, 52 Misc. Rep. 112, 101 N. Y. Supp. 765.

In the case at bar, however, it appears that the respondents obtained an order to show cause why the case should not be returned to the lower court for resettlement in order to show that time was there given to submit briefs, which motion came duly before the justices of this court, and an order was entered granting said motion, unless the plaintiff-appellant stipulated that the case be amended by inserting a statement to the effect that two days' time was given for the submission of briefs. Such stipulation has been signed and filed,

together with a certified copy of said order, with the return on file in this court. There was therefore no loss of jurisdiction by the court below. Hill v. Hill (Sup.) 99 N. Y. Supp. 410. Plaintiff claims that if his original contract of employment was a yearly contract, and if he held over in his employment without notice of discharge from defendant, then under the rule as laid down in Adams v. Fitzpatrick, 125 N. Y. 124, 26 N. E. 143, plaintiff is entitled to a renewal of his yearly contract under the same terms as his original contract. The evidence shows, however, that the contract of hiring was for a term less than one year, and there is therefore no presumption that the parties agreed to a renewal of the contract for the same period by reason of plaintiff's continuance in the employ of defendant after January 1, 1908. Caldwell v. Caldwell Co. (Sup.) 88 N. Y. Supp. 970. Plaintiff was hired for the balance of the year 1907, and began his employment on March 1, 1907, and he cannot claim that, by holding over in January, 1908, there was a renewal of the original contract for the same period, which would be the balance of the year 1908 from March 1st.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.