A. E. KLOTZ FIREPROOFING CO. v. KENN–WELL CONTRACTING CO.

(Supreme Court, Appellate Term. November 10, 1911.)

COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—ENTRY OF JUDGMENT—TIME.

In the absence of any valid consent of the parties extending the time in which the Municipal Court may render judgment, a decision and judgment, rendered after the expiration of the 14 days fixed by Municipal Court Act (Laws 1902, c. 580) § 230, from the date of final submission, is void.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by the A. E. Klotz Fireproofing Company against the Kenn-Well Contracting Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed and dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Beardsley & Hemmens, for appellant.

GUY, J. This case was tried on February 9, 1911, and at the close of the case the court directed that briefs should be submitted February 14, 1911. The court, acting without a jury, held the papers until March 7, 1911, and on that date the court directed judgment in favor of plaintiff. Defendant appellant contends that the judgment should be reversed on the ground of want of jurisdiction; more than 14 days having expired after the final submission of the case before the decision and the entry of judgment.

In the absence of any valid consent of the parties extending the time in which the court might render judgment, a judgment rendered after the expiration of 14 days from the date of final submission is void. See Municipal Court Act, § 230; Carpenter v. Pirner, 107 N. Y. Supp. 875; Lambert v. Salomon, 28 Misc. Rep. 562, 59 N. Y. Supp. 676.

The judgment must therefore be reversed, and the complaint dismissed, with costs to appellant. All concur.