(78 Misc. Rep. 133.)

### SHAFFER v. VANDEWATER & CO., Limited.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

COURTS (§ 30*)—MUNICIPAL COURT—TIME FOR DECISION—JURISDICTION.

The decision of a justice of the Municipal Court of New York, delivered at 5:45 o'clock on the evening of the last day allowed for rendering such judgment, after the clerks had left for the day and the office was closed to the public, is not delivered to the clerk within the time prescribed by statute, and the justice loses jurisdiction of the cause.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 119–128; Dec. Dig. § 30.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles W. Shaffer against Vandewater & Co., Limited. Judgment for defendant, and plaintiff appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Edgar N. Dollin, of New York City (George B. Keeler, of New York City, of counsel), for appellant.

Henry Kuntz, of New York City (Abraham P. Wilkes, of New York City, of counsel), for respondent.

SEABURY, J. This judgment must be reversed, because it was not rendered in accordance with the terms of the statute. The last day, under the statute and stipulation of the parties, upon which the court below was authorized in this case to render judgment, was February 27, 1912. At 5:45 p. m. on that day, the justice before whom this cause was pending signed the judgment and left it in the clerk's office. The judgment was dated as having been signed by the justice on February 29, 1912. At the time the justice left the judgment in the clerk's office on Februray 27th, the clerks had left the office for the day, and the office itself was closed to the public.

Whether we assume that the delivery in the office was equivalent to the delivery to the clerk to be filed the next day (Hathaway v. Howell, 54 N. Y. 97), or that, in view of the date upon the judgment, the justice intended it to be filed on February 29th, it is clear that in either case the decision was not filed within the time prescribed by section 230 of the Municipal Court Act (Laws 1902, c. 580). In neither alternative can the decision properly be said to have been delivered to the clerk within the statutory time. It is well settled that, where the decision of a justice is not delivered to the clerk within the time prescribed by statute, the justice loses jurisdiction of the cause. Van Valis v. Charcona, 40 Misc. Rep. 226, 81 N. Y. Supp. 630.

Judgment reversed, without costs, and complaint dismissed. All concur.